J-S24026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RALEIGH NATHAN GRANT, | |
| Appellant | No. 1110 MDA 2015 |

Appeal from the Judgment of Sentence April 23, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):
CP-36-CR-0004354-2012
CP-36-CR-0004398-2012
CP-36-CR-0004403-2012

BEFORE:  GANTMAN, P.J., BOWES, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 03, 2016**

Raleigh Nathan Grant appeals his April 23, 2015 judgment of sentence of five to eighteen years imprisonment, which was imposed after his original sentence was vacated by this Court pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) and ***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super. 2014) (*en banc*).  We affirm.

Appellant was charged at three docket numbers with three counts of possession with intent to deliver cocaine ("PWID") and criminal use of a communication facility (cell phone), and one count of delivery of heroin, arising from sales of controlled substances to a confidential informant on January 27, February 15, and February 17, 2012.  During trial on the

charges, Appellant entered an open guilty plea to all charges and waived his pre-sentence report. At sentencing, the Commonwealth invoked the two-year drug-free school zone mandatory minimum sentence at each of the three cases and the trial court sentenced Appellant to an aggregate term of imprisonment of seven and one-half to eighteen years.

Appellant obtained reinstatement of his direct appeal rights via the filing of a PCRA petition. While his appeal was pending, this Court decided *Newman*. Appellant argued based on the *Newman* rationale that the United States Supreme Court's decision in *Alleyne*, rendered the mandatory minimum sentences imposed for drug-free school zones unconstitutional. *See also Commonwealth v. Bizzel*, 2014 PA Super 267 (Pa.Super. 2014) (holding mandatory minimum for drug-free school zones at 18 Pa.C.S. § 6317 unconstitutional). This Court agreed, vacated judgment of sentence, and remanded for resentencing without consideration of the § 6317 mandatory minimum. *Commonwealth v. Grant*, No. 600 MDA 2014 (Pa.Super. 2015).

Resentencing took place on April 23, 2015. Again, Appellant waived a pre-sentence report. At No. 4403 of 2012, the court re-sentenced Appellant to twelve months to four years imprisonment on the PWID cocaine charge and to a concurrent eighteen months to four years for the delivery of heroin. At No. 4398 of 2012, the court re-sentenced Appellant to twelve months to four years incarceration on the PWID count. The same sentence was

imposed for PWID at No. 4354 of 2012, to run consecutively to the term of imprisonment on the PWID sentence at No. 4398. The sentences imposed for criminal use of a communication facility remained the same in all three cases: six months to two years to run consecutively to the PWID sentence at each count. The aggregate sentence was five to eighteen years imprisonment and Appellant was determined to be ineligible for the Recidivism Risk Reduction Incentive ("RRRI") program.

Appellant filed a timely post-sentence motion in which he asked the court to modify and reconsider the consecutive nature of the sentence. He alleged that the imposition of consecutive sentences was "unreasonable and manifestly excessive" for non-violent drug offenses that occurred within a thirty-day period. Post-Sentence Motion Pursuant to Pa.R.Crim.P. 720, 5/4/15, at 2. Furthermore, he claimed that the period of confinement was not consistent with the gravity of the offense, protection of the public, and his own rehabilitative needs. *Id*. at 3. The motion was denied by order dated June 5, 2015, and Appellant timely appealed. He complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant presents one issue for our review: "Whether the imposition of consecutive sentences resulting in an aggregate period of incarceration of not less than 5 no more than 18 years was manifestly excessive and an abuse of discretion." Appellant's brief at 7.

Appellant presents a challenge to the discretionary aspects of his sentence. Such appeals are not as of right, but granted by only upon the successful showing that there exists a substantial question that the sentence imposed was inappropriate and contrary to fundamental norms underlying the sentencing code. ***Commonwealth v. Fremd***, 860 A.2d 515, 524 (Pa.Super. 2004). Additionally, the appellant must preserve the issue in a timely post-sentence motion or at sentencing, file a timely notice of appeal, identify the issue in a Pa.R.A.P. 1925(b) statement, and supply a concise statement in his appellate brief addressing why the issue presents a substantial question. ***Commonwealth v. Prisk***, 13 A.3d 526, 532-533 (Pa.Super. 2011). Appellant has complied with all of these procedural prerequisites. Thus, we consider whether the statement raises a substantial question.

Appellant maintains that imposition of consecutive sentences for three drug offenses that occurred within one month, together with consecutive sentences for use of a cell phone in the course of committing those offenses, was excessive and unduly harsh. He cites ***Commonwealth v. Dodge***, 859 A.2d 771 (Pa.Super. 2004), in support of his position that consecutive sentencing may raise a substantial question. Appellant also alleges that the trial court focused on his prior drug conviction and failed to consider mitigating factors such as his age, family history, lack of a history of drug abuse, and acceptance of responsibility by pleading guilty, which was

contrary to the Sentencing Code and the fundamental norms underlying the sentencing process. *See Commonwealth v. Vega*, 850 A.2d 1277 (Pa.Super. 2004).

Although a challenge to the court's discretion to impose a consecutive sentence ordinarily does not raise a substantial question, *Commonwealth v. Johnson*, 873 A.2d 704, 709 n.2 (Pa.Super. 2005), we held in *Commonwealth v. Marts*, 889 A.2d 608 (Pa.Super. 2005), that this issue must be examined on a case-by-case basis. In *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 599 (Pa.Super. 2010), this Court stated that the key to determining whether a consecutive sentencing scheme presents a substantial question is "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case."

Herein, we have a claim of an excessive sentence, together with a claim that the court failed to consider mitigating factors. We find a substantial question as Appellant presents a colorable argument that his sentence herein was contrary to the Sentencing Code and the fundamental norms underlying the sentencing process. *Commonwealth v. Boyer*, 856 A.2d 149, 151-152 (Pa.Super. 2004) (finding substantial question where defendant argued his sentence was manifestly excessive and the court erred by considering only the serious nature of the offenses and failing to consider mitigating factors); *Commonwealth v. Perry*, 883 A.2d 599, 602

(Pa.Super. 2005) (failure to consider mitigating factors in conjunction with excessive sentence raised substantial question).

> "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Johnson*, 125 A.3d 822, 826 (Pa.Super. 2015).

> Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa. C.S. §§ 9781(c) and (d). Subsection 9781(c) provides:
>
> > The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
> >
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
> >
> > In all other cases[,] the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c). When we review the record, we consider the offense, the characteristics of the defendant, the trial court's opportunity to observe the defendant, the pre-sentence report, the sentencing guidelines and the basis for the sentence imposed. 42 Pa.C.S. § 9781(d).

Appellant contends that the five to eighteen year prison term resulting from the imposition of consecutive sentences was manifestly excessive and an abuse of discretion given the crimes. He maintains that all three offenses were nonviolent and did not involve a significant quantity of cocaine or heroin. Appellant's brief at 16. He charges that the sentencing court focused solely on his prior record to the exclusion of mitigation evidence. In support of his claim that he had learned from his past indiscretions, he pointed to the fact that he had obtained his high school diploma and an associate's degree while incarcerated, no history of drug abuse and a positive work history.

Since Appellant waived the pre-sentence investigation, the trial court did not have the benefit of a pre-sentence report. However, the record reveals that trial court considered that Appellant was twenty-seven years old, had completed an associate's degree during his incarceration, had a significant work history, no history of drug abuse, and was married with a young child. The court also noted that Appellant had a prior record for a firearms offense and a felony drug violation. The court, however, was not persuaded by Appellant's contention that the sentences should run

concurrently because the offenses were committed in a short period. Rather, the court cited **Commonwealth v. Hoag**, 665 A.2d 1212 (Pa.Super. 1995), in rejecting the notion of a volume sentencing discount simply because the crimes occurred in close temporal proximity. **See also Gonzalez-Dejusus**, **supra** (rejecting claim that appellant was entitled to a "volume discount" because the various crimes occurred in one continuous spree). Furthermore, although Appellant accepted responsibility for his crimes when he pled guilty, we agree with the trial court that Appellant viewed his conduct as a drug dealer as less culpable than that of persons who bring drugs into the country. **See** N.T. Re-Sentencing Hearing, 4/23/15, at 16.

After reviewing the record, we find no evidence that the sentencing court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." **Commonwealth v. Disalvo**, 70 A.3d 900, 903 (Pa.Super. 2013). The sentences fell within the standard range of the guidelines and the trial court stated that, "a lesser sentence would depreciate the seriousness of [Appellant's] crimes." Trial Court Opinion, 7/20/15, at 6. Nor does the fact that most of the sentences were imposed consecutively render the sentences excessive or unreasonable. **See Commonwealth v. Bowen**, 55 A.3d 1254, 1265 (Pa.Super. 2012) (trial court determines whether a sentence should run consecutive to or concurrent with another sentence

being imposed). This is not a situation like the one in **Commonwealth v. Dodge**, 859 A.2d 771 (Pa.Super. 2004), where we found a claim that consecutive standard range sentences on thirty-seven counts of theft-related offenses for an aggregate sentence of 58 1/2 to 124 years of imprisonment presented a substantial question and was excessive.

The trial court was aware of and gave due consideration to all of the proper factors in re-sentencing Appellant. Hence, we find no abuse of discretion that would entitle Appellant to sentencing relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2016