COMMONWEALTH of Pennsylvania, Appellee,

v.

George JOHNSON, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 3, 2005.

Filed March 22, 2005.

Reargument Denied June 3, 2005.

Kenneth A. Snarey, Pittsburgh, for appellant.

Michael W. Streily, Deputy Dist. Atty., Amy Constantine, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: JOYCE, TODD, and KELLY, JJ.

OPINION BY JOYCE, J.:

¶ 1 George Johnson (Appellant) appeals from the judgment of sentence entered on October 17, 2003, in the Allegheny County Court of Common Pleas. For the reasons stated below, we affirm the judgment of sentence in part and vacate in part. The relevant facts and procedural history of this matter are as follows.

¶ 2 On April 30, 2002, City of Pittsburgh Police Officers Bogart and McQuillan witnessed Appellant stop his car at a blinking yellow traffic light, make a left hand turn, drive over the median onto the grass, and then cross back on the roadway. The Officers executed a traffic stop and detected a strong odor of alcohol emanating from Appellant. He was asked to perform field sobriety tests, and he failed them. The police officers then discovered that Appellant was driving without a license; it had been suspended due to prior DUI convictions. Appellant was taken into custody and his blood alcohol content (BAC) was measured at .247%. Appellant was then charged at docket number CC 200207659 with one count each of DUI (75 Pa.C.S.A § 3731(a)(1)), careless driving (75 Pa.C.S.A § 3714), and driving while operating privilege is suspended or revoked (75 Pa.C.S.A § 1543(b)).

¶ 3 Appellant posted bond and was released pending trial. However, on December 5, 2002, police officers again witnessed Appellant driving his automobile. At approximately 1:20 a.m., Appellant stopped his car in the middle of the roadway for no apparent reason. He remained stopped for 30 seconds and then drove away slowly. Despite the slow speed, Appellant was swerving from lane to lane. The police executed a traffic stop, and similar to the events that occurred on April 30, Appellant smelled of alcohol, failed field sobriety tests, and was arrested. This time Appellant's BAC was .262%. Appellant was charged at docket number CC 200301175 with two counts of DUI (3731(a)(1) and (4)), one count of careless driving (75 Pa. C.S.A § 3714), and one count of driving while operating privilege is suspended or revoked (75 Pa.C.S.A § 1543(b)). On December 12, 2002, Appellant's bond was revoked.

¶ 4 Appellant opted to enter open guilty pleas to all counts. On May 21, 2003, the trial court accepted Appellant's guilty pleas, ordered a presentence investigation report, and deferred sentencing until July 28, 2003.

¶ 5 At the sentencing hearing, the trial court imposed the following sentences: at CC 200207659, count 1, DUI, 2½ to 5 years of incarceration; count 2, careless driving, a $25.00 fine; and count 3, driving while operating privileges are suspended or revoked, a mandatory 90 days of incarceration, to be served concurrently with the sentence imposed at count 1.

¶ 6 At CC 200301175, the trial court sentenced Appellant as follows: at count 1, DUI, 2½ to 5 years of incarceration; count 2, DUI, no further penalty; count 3, driving while operating privileges are suspended or revoked, a $1000.00 fine; and at count 4, careless driving, a $25.00 fine.

¶ 7 Appellant filed post-sentence motions to modify his sentence, and the motions were denied by order dated October 17, 2003. However, the trial court granted the Commonwealth's motion to order Appellant to install an ignition interlock device in an order dated October 20, 2003.

¶ 8 In his appeal, Appellant claims the trial court erred in sentencing

him outside of the aggravated range of the sentencing guidelines, and also erred in ordering Appellant to install an ignition interlock device. We will address these issues in the order presented.[1]

¶ 9 Appellant's first claim is a challenge to the discretionary aspects of his sentence. We note there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Mouzon*, 571 Pa. 419, 425, 812 A.2d 617, 621 (2002) (plurality). Rather, allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Id.* The determination of what constitutes a substantial question is made on a case-by-case basis. *Commonwealth v. McNabb*, 819 A.2d 54 (Pa.Super.2003). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id.* at 56.

¶ 10 An appellant who seeks to challenge the discretionary aspects of his or her sentence must provide a separate statement, pursuant to Rule of Appellate Procedure 2119(f), specifying where the sentence falls in relation to the Sentencing Guidelines and what particular provision of the Sentencing Code has been violated. *Id.* The 2119(f) statement must specify what fundamental norm the sentence violates and the manner in which it violates

that norm. *Id.* Appellant has included a 2119(f) statement in his brief, and claims that the trial court erred in imposing an unreasonable sentence by sentencing Appellant outside the guidelines. We find that this statement utterly fails to state with specificity how this sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. However, in the argument portion of Appellant's brief, Appellant further explains that the trial court erred by imposing a lengthy sentence based solely on Appellant's past criminal history. He claims that this raises a substantial question as a defendant's criminal history is already factored into the sentencing guidelines. Since the Commonwealth has not objected to the boilerplate 2119(f) statement, and because Appellant states his claim with relative specificity in the argument portion of the brief, we decline to find the challenge waived. Instead, we agree with Appellant that imposing a sentence based on solely one's criminal history raises a substantial question. *See Commonwealth v. Walls*, 846 A.2d 152 (Pa.Super.2004). We will therefore, proceed to address the merits of Appellant's challenge.

¶ 11 Upon review, however, we cannot agree that the sentence imposed was based solely on past criminal acts. While it is admittedly based in part on Appellant's criminal history, as reflected in Appellant's prior record score which is capped at 5, there are several other rea-

---

**1.** We note that Appellant's notice of appeal was filed prior to the trial court amending the judgment of sentence to include the ignition interlock component, and Appellant did not file a subsequent appeal from the October 20, 2003 judgment of sentence. However, Appellant did include this claim in his 1925(b) statement. Additionally, even if Appellant had not raised this issue at all, this Court could still address the issue as there is a

question as to the legality of the sentence. It is well settled that if there is no statutory authorization for the sentence imposed, that sentence is illegal and subject to correction. *Commonwealth v. Randal*, 837 A.2d 1211 (Pa.Super.2003). Challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by the Superior Court. *Id.*

sons for the sentence. Furthermore, we note that the sentencing guidelines are just that: guidelines. They are not a one size fits all structure, unmalleable to the disparate requirements of distinct offenders. In *Walls*, this court stated with respect to sentencing outside the guidelines that the sentencing court must express how the crime at bar differs from the "typical" variety of the same crime. Here, Appellant is not a two-time offender, a four-time offender, or even a ten-time offender; he has committed and has been convicted of the same crime, DUI, more than 20 times. N.T. Sentencing 06/28/2003, at 15. He has completely failed to rehabilitate, has failed to take responsibility for his actions, has failed to adhere to the law requiring him not to drive, and what is more, he has failed to adhere to the law requiring him not to drive drunk. The statutory maximum sentence for a first degree misdemeanor is five years. 18 Pa.C.S.A. § 1104(1). Appellant attempts to argue that a sentence of this duration is excessive, but he fails to realize that it is a permissible sentence for a DUI conviction. It cannot be gainsaid that a permissible and legal sentence under Pennsylvania statutory law is rendered improper simply because the sentence exceeds the guidelines; the guidelines do not supercede the statute. Our legislature has classified certain DUI offenses as first degree misdemeanors, and the only reasonable conclusion for doing so is that some DUI offenders require the statutory maximum sentence. Here, the trial court so found, and we find no error or abuse of discretion. Appellant has clearly shown a

refusal to change his dangerous criminal behavior and refuses to be rehabilitated. Sentencing courts, while required to consider the guidelines and the individual whose liberty is at stake, must also consider factors, including "the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant." *Commonwealth v. Hanson*, 856 A.2d 1254, 1259 (Pa.Super.2004) (citing *Walls*, *supra*). The sentencing court must impose a sentence that is appropriate in light of the individualized facts of the underlying incident. *Id.*

¶ 12 In the case at bar, the sentencing court evaluated the circumstances of Appellant's most recent DUI convictions, his character, the danger he represents to the community, the presentence investigation report, the high levels of alcohol present in Appellant's blood, and his utter failure to stop drinking and driving. *See* N.T., Sentencing, 07/28/2003, at 1–17. This case is more serious than the typical DUI offense, and it warrants an increase in sentencing beyond what is recommended by the guidelines. The trial court provided sufficient reasoning on the record as to why Appellant's offense was more reprehensible than a "typical" DUI offense. Accordingly, we find that the court presented a proper and adequate factual basis for deviating from the guidelines in fashioning Appellant's sentence. Accordingly, the consecutive 2 ½ to 5 year sentences imposed for the DUI convictions are affirmed.[2]

---

2. The length of Appellant's sentence is due in large part to the fact that the sentences were ordered to be served consecutively rather than concurrently. The imposition of consecutive as opposed to concurrent sentences is solely within the discretion of the trial court, and does not in and of itself even rise to the level of a substantial question. *See Common-*

*wealth v. Hoag*, 445 Pa.Super. 455, 665 A.2d 1212, 1214 (1995) (holding that the imposition of consecutive sentences following convictions for multiple criminal acts that arose out of one larger criminal transaction does not raise a substantial question, as a defendant is not entitled to a "volume discount" for his crimes). Appellant neither raises the con-

¶ 13 In Appellant's second issue, he alleges that the trial court erred in ordering the installation of an ignition interlock device. We agree.

¶ 14 In *Commonwealth v. Mockaitis*, 575 Pa. 5, 834 A.2d 488 (2003), the Pennsylvania Supreme Court ruled that when a trial court orders the installation of an ignition interlock device, the separation of powers doctrine is violated. The Pennsylvania Legislature drafted Act 63 (Installation of Ignition Interlock Device) to be a power delegated to the executive branch of government. Accordingly, the provisions of Act 63 are to be enforced by the Pennsylvania Department of Transportation. In light of the foregoing, we are constrained to vacate that portion of Appellant's sentence that directed the installation of an ignition interlock device; however, as discussed above, all other portions of the judgment of sentence are affirmed.

¶ 15 Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

secutive nature of his sentences in the 2119(f) statement, nor does he argue that it was inappropriate in his brief. Accordingly, we will not address the issue. However, if we were to address the propriety of the consecutive sentences, we would find no error. Appellant engaged in criminal activity, and while on bond, decided to commit the same crime for the second time in eight months. As stated above, he should not benefit from a volume discount on his crimes.