J-S44022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY A. MCFARLAND | |
| Appellant | No. 2033 WDA 2014 |

Appeal from the Judgment of Sentence entered October 31, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0000343-2014

BEFORE:  LAZARUS, STABILE, and JENKINS, JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 24, 2015**

Appellant, Timothy A. McFarland, appeals from the judgment of sentence the Court of Common Pleas of Erie County imposed on October 31, 2014.  Appellant challenges the discretionary aspects of his sentence.  Specifically, Appellant argues his sentence is manifestly excessive.  We affirm.

The trial court summarized the relevant background of the case as follows:

> On September 8, 2014, [Appellant] entered a counseled negotiated no contest plea to three counts of the information: Count 1, simple assault; Count 2, endangering welfare of children; and Count 4, corruption of minors.  All were graded as misdemeanors of the first degree.  While serving as a scoutmaster, [Appellant] inappropriately touched J.S. (DOB 8-3-00) and C.S. (DOB 4-18-98).  These events occurred between 2011 through June of 2013 in Erie County, Pennsylvania.  The children were between ten and twelve years of age and twelve to fifteen years respectively during the commission of the offenses.

On October 31, 2014, [Appellant] was sentenced to serve an aggregate sentence of 60 months to 120 months, which was an upward departure from the sentencing guidelines. On November 10, 2014, counsel filed a motion for reconsideration of sentence[,] which this [c]ourt denied on November 12, 2014. [This appeal followed.]

Trial Court Opinion, 1/22/15, at 1-2 (Citation to record and footnote omitted).

On appeal, Appellant argues the trial court abused its sentencing discretion by imposing a manifestly excessive sentence.[1] Specifically, Appellant argues that the trial court did not properly weigh mitigating factors such as Appellant's lack of prior criminal record, his status as "an upstanding member of the Erie community," and the fact he "took responsibility for these allegations and spared the victims the trauma of trial." Appellant's Brief at 8. Appellant, in essence, argues the trial court abused its discretion because it should have given these mitigating factors more weight.

_____

[1] On appeal, Appellant also argues the sentencing court abused its discretion by relying on improper considerations, namely the sentencing judge "improperly referenced a recent newspaper article that detailed inconsistencies" between federal and state sentencing guidelines. The claim is waived because Appellant raises it on appeal for the first time. *See* Pa.R.A.P. 302(a). Additionally, nowhere did Appellant explain what the alleged impropriety is. In essence, Appellant left us the task of substantiating his claim. As such, the claim is also waived for failure to articulate any argument in support of his allegation. *See* Pa. R.A.P. 2116(a). Finally, the claim is wholly meritless. A review of the transcript reveals nothing improper about the trial court's comments regarding the guidelines. *See* N.T. Sentencing, 10/31/14, at 14-15.

In ***Commonwealth v. Levy***, 83 A.3d 457 (Pa. Super. 2013), this Court reiterated:

> Appellant is not entitled as of right to a review [of challenges to the discretionary aspects of sentence]. Our jurisdiction over a claim regarding the discretionary aspects of sentence must be established as follows:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Id.*** at 467 (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations and modifications omitted)).

A review of the record reveals that Appellant has satisfied the first three elements of the test. We now turn to the fourth element, whether there is a substantial question under 42 Pa.C.S.A. § 9781(b) that the sentence appealed from is not appropriate.[2]

A claim of inadequate consideration of mitigating factors generally fails to raise a substantial question. ***See, e.g., Commonwealth v. Johnson, J.***,

---

[2] "A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***See, e.g., Commonwealth v. Johnson***, **G.**, 873 A.2d 704, 709 (Pa. Super. 2005).

961 A.2d 877, 880 (Pa. Super. 2008). Additionally, we have held "[t]hat the court['s] refus[al] to weigh the proposed mitigating factors as Appellant wished, absent more, does not raise a substantial question." **Moury**, 992 A.2d at 175 (citations omitted). Here, Appellant's challenge is limited to the sentencing court's alleged failure to account for mitigating factors as he wished, providing no additional reason for challenging the sentence. Accordingly, Appellant failed to raise a substantial question for our review. **Id.**

Even if we were to conclude Appellant raised a substantial question for our review, Appellant failed to show the sentencing court abused its discretion in fashioning Appellant's sentence.[3] In its written opinion, the sentencing court summarized the reasons for Appellant's sentence as follows:

> As the sentencing record reflects, this [c]ourt took into consideration a number of factors before imposing sentence. I considered the Pennsylvania Sentencing Code and all its factors, the guidelines, the presentence investigation report and all the information submitted at the time of sentencing. What was particularly significant was [Appellant]'s exploitation of the position of trust that he held as the boys' scoutmaster. Just as significant was the impact that his actions had upon these children. In various ways[,] they suffered embarrassment,

---

[3] "In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard. Additionally, this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.[A]. § 9781(c) and (d)." **Commonwealth v. Dodge**, 77 A.3d 1263, 1274 (Pa. Super. 2013) (quotation marks and citations omitted).

anger and reactions that were unabated up to the time of sentencing. It was also noteworthy that he procured their silence by threatening them, not with physical harm, but by reporting their behavior, real or fabricated, to their parents. In addition, I considered the positive aspects of [Appellant]'s background. Nevertheless, his actions and the impact upon these children justified a lengthy period of incarceration followed by an adequate term of supervision to address his rehabilitation needs and ensure the protection of the public. The sentence imposed—albeit an upward departure from the sentencing guidelines—was 5 to 10 years which was less than the statutory maximum of 7½ - 15 years. Finally, the record clearly reflects the reasons for the sentence.

Trial Court Opinion, 1/22/15, at 6-7 (citations to record omitted).

Additionally, a review of the sentencing hearing transcripts reveals the sentencing court was aware of and carefully considered the facts, including Appellant's background and the mitigating factors Appellant suggests were not taken into consideration. It is clear that the trial court made an intelligent and informed decision in fashioning Appellant's sentence. There is no hint of bias, partiality, prejudice, ill-will, or manifest unreasonableness on the part of the sentencing court. Accordingly, we conclude the trial court did not abuse its discretion in fashioning Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 5 -

Date: 9/24/2015