J-A28042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WESTLEY A. RETZLER, | |
| Appellant | No. 2543 EDA 2014 |

Appeal from the Judgment of Sentence July 18, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-SA-0000288-2014

BEFORE:  GANTMAN, P.J., PANELLA, and SHOGAN, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 16, 2015**

Appellant, Westley A. Retzler, appeals *pro se* from the judgment of sentence entered on July 18, 2014, in the Bucks County Court of Common Pleas.  After review, we affirm in part, vacate in part, and remand for resentencing.

The trial court set forth the background of this matter as follows:

> On February 11, 2014, Falls Township Police Officer Jarrod Eisenhauer observed Appellant operating a gray Toyota sedan on Route 13 in Falls Township.  Officer Eisenhauer effectuated a vehicle stop and issued a citation to Appellant due to his vehicle having a tinted cover over the license plate that was so dark that the plate could not be seen.

> On March 26, 2014, following a summary trial before Magisterial District Judge Jan Vislosky, Appellant was found guilty of displaying an obscured license plate in violation of 75 Pa.C.S. § 1332(b)(1).

Appellant filed a notice of summary appeal on April 25, 2014, bringing the matter before this Court. Thereafter, Appellant filed various motions which were considered at the time of the July 18, 2014 trial. The Commonwealth presented the testimony of Officer Eisenhauer who indicated that Appellant operated his vehicle with a tinted cover over his license plate, and the plate was so dirty and obscured "as to prevent the reading of the numbers or letters thereon at a reasonable distance." 75 Pa.C.S. § 1332(b)(1). Photographs of the obscured license plate were submitted as Exhibits C-1 and C-2.

After considering the motions, the testimony, and other evidence presented, this Court found Appellant guilty of violating 75 Pa.C.S. § 1332(b)(1). Additionally, we imposed a penalty upon Appellant in the form of a $100.00 fine. Appellant filed a [timely] Notice of Appeal to the Superior Court on August 14, 2014.

Trial Court Opinion, 12/19/14, at 1-2 (footnote omitted).

On September 11, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before October 2, 2014. On October 2, 2014, Appellant instead filed a motion for an extension of time in which to file his Pa.R.A.P. 1925(b) statement. Appellant's motion was denied in an order filed on November 21, 2014, and our review of the docket and certified record reveals that Appellant did not file a Pa.R.A.P. 1925(b) statement.

On appeal, Appellant purports to raise issues concerning the admissibility of evidence and the sufficiency of the evidence. Appellant's Brief at 3 (unnumbered pages). However, before we may reach Appellant's issues, we must first address Appellant's aforementioned failure to file a court-ordered Pa.R.A.P. 1925(b) statement.

It is well settled that when a trial court orders an appellant to file a statement of errors complained of on appeal, any issues not raised in a timely filed Pa.R.A.P 1925(b) statement are waived. ***Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005) (citing ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998)). Here, the trial court concluded that, because Appellant failed to file a Pa.R.A.P 1925(b) statement, Appellant failed to preserve his issues for appellate review. Trial Court Opinion, 12/19/14, at 2. We agree with the trial court's conclusion.

Nevertheless, we are constrained to point out an issue with respect to the legality of Appellant's sentence.[1] As noted above, the trial court imposed a $100.00 fine for Appellant's violation of 75 Pa.C.S. § 1332(b)(1). However, 75 Pa.C.S. § 6502(a) only authorizes a fine of $25.00 for a violation of 75 Pa.C.S. § 1332(b)(1).[2] Accordingly, the trial court had no authority to impose a fine of more than $25.00 for a violation of 75 Pa.C.S. § 1332(b)(1). Thus, Appellant's sentence illegal. ***See Commonwealth v. Vasquez,*** 744 A.2d 1280, 1284 (Pa. 2000) ("When a trial court imposes a

---

[1] As noted above, Appellant waived the issues presented in his brief by failing to file a Pa.R.A.P. 1925(b) statement. However, while his handwritten brief is largely illegible and unintelligible, issues concerning the legality of a sentence may be raised by this Court *sua sponte*. ***See Commonwealth v. Johnson***, 873 A.2d 704, 708, n.1 (Pa. Super. 2005) ("Challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by the Superior Court.").

[2] We note that pursuant to 75 Pa.C.S. § 1332(c), a fine of $100.00 is mandated for a violation of 75 Pa.C.S. § 1332(b)**(2)**.

sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction.").

Accordingly, while we affirm Appellant's guilty verdict with respect to the violation of 75 Pa.C.S. § 1332(b)(1), we vacate the $100.00 fine. For the reason set forth above, we remand this matter to the trial court for resentencing pursuant to 75 Pa.C.S. § 6502(a).

Judgment of sentence affirmed in part, vacated in part, and remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2015