J-S13018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICHARD WILLIAM BAKER | |
| Appellant | No. 704 WDA 2015 |

Appeal from the Judgment of Sentence entered April 2, 2015
In the Court of Common Pleas of Erie County
Criminal Division at Nos: CP-25-CR-0001097-2013

BEFORE: LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.: **FILED MAY 13, 2016**

Appellant, Richard William Baker, appeals from the judgment of sentence the Court of Common Pleas of Erie County entered April 2, 2015. In the brief filed by his counsel in accordance with ***Anders v. California***, 386 U.S. 938 (1969), as refined by ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), Appellant contends his sentence is manifestly excessive. Specifically, Appellant argues the sentencing court failed to consider mitigating factors in fashioning his sentence. His counsel concurrently filed a petition for leave to withdraw. For the reasons explained below, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

The relevant background of the case can be summarized as follows: On September 10, 2013, Appellant pled no contest to one charge of possession with intent of deliver a controlled substance. Subsequently, the trial court sentenced him to a term of imprisonment of 4 to 12 months, followed by a 20-month term of probation. A parole revocation hearing was held on October 8, 2014, at which time the trial court sentenced Appellant to the same imprisonment term originally imposed (4 to 12 months), with credit for time served (154 days). Appellant was released on parole on October 13, 2014. On April 2, 2015, following another violation, the trial court held a parole hearing. At the conclusion of the hearing, the trial court reimposed the term of 4 to 12 months' incarceration, crediting him for time served, and finally discharged him from this term of the sentence. Regarding the probation, the trial court revoked his probation, and sentenced him to 10 to 20 months' incarceration in the county jail. Appellant timely moved for reconsideration of sentence, which the trial court denied. This appeal followed.

On appeal, Appellant argues the sentence imposed is manifestly excessive. To this end, Appellant argues the sentencing court abused its discretion in fashioning his sentence because it failed to account for some mitigating circumstances. Specifically, Appellant argues the sentencing court did not account adequately that he has a career as mechanic, that he maintains a job in order to pay his support obligations, that he is the father

of one son with whom he maintains a close relationship, and that his prior record score was zero. Appellant's Brief at 7-8.

We must address the request to withdraw before reviewing the merits of Appellant's issue. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005). As this Court recognized in *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), our Supreme Court's decision in *Santiago* did not change the procedural requirements for requesting withdrawal from representation.

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009)).

We conclude counsel has satisfied the procedural requirements set forth in *Anders*.[1]  In the petition to withdraw, counsel explains her conclusion, based on a review of the case, that there are no meritorious

---

[1] Although in her petition to withdraw, counsel stated that she was filing an *Anders/McClendon* brief, the brief filed with this Court appropriately refers to *Santiago,* requiring that counsel state the reasons for concluding the appeal is frivolous, rather than comply with the standard set forth in *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), abrogated by *Santiago*.

- 3 -

issues to be raised on Appellant's behalf and that proceeding with the case would be frivolous. In addition, counsel furnished a copy of the appellate brief to Appellant and advised Appellant of his right to retain new counsel or act on his own behalf to raise additional arguments or points for this Court's consideration.

Having concluded counsel satisfied the procedural requirements of **Anders**, we must ascertain whether the brief satisfied the substantive mandates prescribed in **Santiago**. In **Santiago**, our Supreme Court announced:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

In the **Anders** brief, counsel has included a statement of the case that includes a procedural history of the case. Counsel has satisfied the first requirement.

The second required element of an **Anders** brief is reference to anything in the record that counsel believes arguably supports the appeal. Here, counsel suggests that the trial court failed to account for mitigating

circumstances. Counsel, therefore, has satisfied the second **Anders** requirement.

Counsel also has satisfied the third element of **Anders**, stating her conclusion that the appeal is frivolous. **Id.** at 8-9. Finally, counsel provided her reasons for concluding the appeal is frivolous. **Id.** at 9. Thus, counsel has satisfied the fourth and final element of the **Anders** test.

Having determined the procedural and substantive requirements of **Anders** are satisfied, we must conduct our own independent review of the record to determine if the issue identified in this appeal is, as counsel asserts, wholly frivolous, or if there are any other meritorious issues present in this case. **Santiago**, 978 A.2d at 354 (quoting **Anders**, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds, it may grant counsel's request to withdraw.").

As noted above, Appellant argues the trial court abused its discretion by imposing a manifestly excessive sentence. Specifically, Appellant argues the trial court failed to account for mitigating circumstances. Appellant's Brief at 7-8. As such, Appellant presents a challenge to the discretionary aspects of his sentence. **See Commonwealth v. Hyland**, 875 A.2d 1175, 1182-83 (Pa. Super. 2005).

In **Commonwealth v. Levy**, 83 A.3d 457 (Pa. Super. 2013), this Court reiterated:

Appellant is not entitled as of right to a review of such a challenge. Our jurisdiction over a claim regarding the discretionary aspects of sentence must be established as follows:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Id.** at 467 (quoting **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations and modifications omitted)).

A review of the record reveals that Appellant has satisfied the first three elements of the test. We now turn to the fourth element, whether there is a substantial question under 42 Pa.C.S.A. § 9781(b) that the sentence appealed from is not appropriate.[2]

Generally, a bald claim of excessiveness based on inadequate consideration of mitigating factors fails to raise a substantial question. **See, e.g., Commonwealth v Austin**, 66 A.3d 798, 808 (Pa. Super. 2013). Here, it is no different. Appellant's claim amounts to no more than a bald

---

[2] "A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Johnson**, **G.**, 873 A.2d 704, 708 (Pa. Super. 2005)**.**

allegation of abuse of discretion. Additionally, we have held "[t]hat the court['s] refus[al] to weigh the proposed mitigating factors as Appellant wished, absent more, does not raise a substantial question." **Moury**, 992 A.2d at 175 (citations omitted). Appellant, therefore, failed to raise a substantial question for our review.

Additionally, a review of the revocation/sentencing hearing transcript reveals that the sentencing court was fully aware of the mitigating circumstances named above. In essence, Appellant is asking this Court to substitute its judgment for that of the sentencing court by reweighing these mitigating circumstances in a light more favorable to him. We cannot do so. **See**, **e.g.**, **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa. Super. 1999), *appeal denied*, 790 A.2d 1013 (Pa. 2001) ("[W]hen reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime.") (citation omitted).

In summary, we agree with counsel that any challenge to the trial court's sentence is frivolous. Our independent review of the record does not reveal any non-frivolous arguments available to Appellant. We therefore affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition for leave to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/2016