J-S08008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON MIDDER | |
| Appellant | No. 743 WDA 2015 |

Appeal from the Judgment of Sentence entered April 10, 2015
In the Court of Common Pleas of Blair County
Criminal Division at No: CP-07-CR-0000003-2014

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 16, 2016**

Appellant, Brandon Midder, appeals from the judgment of sentence the Court of Common Pleas of Blair County entered April 10, 2015, challenging the discretionary aspects of his sentence.  We affirm.

The trial court summarized the pertinent factual and procedural background as follows:

> [O]n January 27, 2015, Appellant pled guilty to Count 3 and Count 11 of the criminal information, [p]ossession of a [f]irearm [p]rohibited, as felonies in the second degree.  The allegations levied against him in the criminal complaint were the he was with a codefendant . . . in a night club when [codefendant] murdered [W.S.], and that Appellant, a felon not to possess, possessed a firearm both in the club where he was allegedly aiding [codefendant], and in the trunk of his vehicle, which he was operating with [codefendant] in the passenger seat in another county later the same night when apprehended by police.  Appellant was sentenced on April 10, 2015 in the aggravated range of sentencing, to 54 to 108 month[s'] incarceration in an SCI, to be run consecutively, for a total of 9 to 18 years' incarceration.

Trial Court Opinion, 6/25/15, at 1-2.

Appellant timely filed a motion for reconsideration, which the trial court denied on May 6, 2015. This appeal followed.

On appeal, Appellant challenges the discretionary aspects of his sentence. Specifically, Appellant argues the sentencing court imposed an excessive sentence, and therefore abused its discretion, by (i) imposing consecutive sentences, (ii) not taking into account some factual circumstances of the case, and (iii) giving too much weight to an old conviction.[1] Assuming Appellant properly preserved the sentencing claim for our review,[2] Appellant failed to raise a substantial question.[3]

_____

[1] The question for our review reads as follows:

> Whether the [s]entencing [c]ourt in imposing consecutive sentences on [Appellant] totaling 9-18 years, abused its discretion in imposing a sentence on [sic] manifestly excessive on two counts of possession of firearm prohibited when neither firearm was discharged and [Appellant]'s only prior criminal conviction was 10 years prior when he was a 15 year old juvenile, and there was only one criminal episode on the night in question[.]

Appellant's Brief at 11.

In the argument section of Appellant's brief, the scope of his challenge expands to include several other challenges to the discretionary aspects of the sentence not mentioned in the question raised before us. We will not address any of these additional grounds.

[2] For the standard of review and discretionary aspects claim requirements, *see, e.g., Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*).

Generally, a bald claim of excessiveness based on inadequate consideration of mitigating factors or resulting from the imposition of consecutive sentences fails to raise a substantial question. ***See, e.g., Commonwealth v Austin***, 66 A.3d 798, 808 (Pa. Super. 2013); ***Commonwealth v. Johnson, J.***, 961 A.2d 877, 880 (Pa. Super. 2008). Here, it is no different. Appellant's claim amounts to no more than a bald, unsubstantiated allegation of abuse of discretion.

Additionally, the record belies Appellant's allegation. The sentencing court did in fact account for the underlying facts of the case and the characteristics of Appellant. Indeed, the sentencing court noted that the sentence imposed (aggravated range on both counts, running consecutively) reflected the fact Appellant possessed the firearms in public despite being a felon prohibited from doing so. The court also noted that it considered Appellant's attitude toward the offenses. Appellant stated to the arresting officer that he knew he was not supposed to be in possession of the firearms, yet he did it anyway because he would rather be caught by the police on the street with a gun than be on the street without a gun. ***See*** N.T. Sentencing, 4/10/15, at 13, 23. More specifically on the merits of the

_(Footnote Continued)_ —————————

[3] "A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Johnson***, *G.*, 873 A.2d 704, 708 (Pa. Super. 2005).

contentions, we note also that Appellant seems to suggest the sentencing court should have rewarded him with a more lenient sentence because he did not kill anyone or cause more harm at the scene of the murder. The record shows the sentencing court did consider this circumstance, although that did not result in a more lenient sentence. **See** N.T. Sentencing, 4/10/15, at 23. We are not in a position to reweigh this circumstance in a more favorable manner to Appellant. **See Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009). Regarding Appellant's claim the sentencing court abused its discretion in considering Appellant's old conviction,[4] it should be noted that Appellant agreed on the record that the sentencing court could consider that conviction in fashioning its sentence which the sentencing court in fact did in arriving at a prior record score. N.T. Sentencing, 4/10/15, at 10. Appellant provides no explanation how the court abused its discretion in considering his prior conviction given that Appellant agreed the court could do so. We discern no abuse of discretion.

_____

[4] At the sentencing hearing, the Commonwealth represented that, after investigation, it discovered that Appellant had two prior robbery convictions imposed in Virginia in 2005, and that Appellant's prior record score was therefore 4, not 1, as it had originally determined. N.T. Sentencing, 4/10/15, at 8-9. The Commonwealth, however, for purposes of that sentencing hearing only, agreed to proceed with Appellant's prior record score of 1 in light of Appellant's willingness to be sentenced on that day. **Id.** At the same sentencing hearing, Appellant stated that the of the 2005 Virginia crimes, one was a robbery conviction and one was an adjudication for robbery, and that his prior record of 1 (as originally determined by the Commonwealth) was due to the conviction. **Id.** at 10.

Lastly, Appellant argues the sentencing court erred when it held there were two episodes of felon in possession, the first being possession at the scene of the murder, the second, possession of a firearm found in his vehicle. Appellant argues that was an error because there was only one criminal episode, spanning several hours. Appellant fails to mention that he pled guilty to two separate and distinct charges of felon in possession, involving two separate episodes and two distinct weapons. **See** N.T. Plea, 1/27/15, at 5. Given these facts, we again discern no abuse of discretion on the part of the sentencing court.

Despite how Appellant articulates his sentencing claim, the actual matter raised by Appellant is his displeasure with the way the sentencing court weighed the circumstances mentioned above. It is well-settled that mere dissatisfaction with the sentencing court's weighing of sentencing considerations is not sufficient to raise a substantial question for our review. **See Commonwealth v Moury**, 992 A.2d 162, 175 (Pa. Super. 2010).

Finally, Appellant fails to acknowledge that the sentencing court specifically acknowledged that it had reviewed the presentence investigation report, and that it is well-settled that "[w]here the sentencing court had the benefit of a presentence investigation report . . ., we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Id.** at 171 (quoting **Commonwealth v.**

***Devers****,* 546 A.2d 12, 18 (Pa. 1988) (internal quotation marks omitted)). In light of the foregoing, we conclude the trial court did not abuse its discretion in fashioning Appellant's sentence.

Judgment of sentence affirmed.


Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/16/2016