J-S68020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL E. TOWHEY, JR. | : | |
| | : | |
| Appellant | : | No. 640 MDA 2017 |

Appeal from the PCRA Order March 15, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002588-2010

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY DUBOW, J.:            **FILED FEBRUARY 08, 2018**

Appellant Paul E. Towhey, Jr., appeals from the Order of the Dauphin County Court of Common Pleas denying his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   Because Appellant is no longer serving a sentence, he is ineligible for relief.

On August 19, 2011, Appellant pled guilty to one count of Restricted Activities - Conflict of Interest, 65 Pa.C.S. § 1103(a), and one court of Criminal Conspiracy/Conflict of Interest, 19 Pa.C.S. § 903.   The court sentenced him on March 20, 2012, to, *inter alia*, 60 months' probation on each conviction, to be served concurrently, as well as fines and $35,000 in restitution.

Appellant paid the restitution in planned increments over approximately 4½ years.   He made his final payment to satisfy the restitution portion of his sentence on September 15, 2016.

_____
*   Retired Senior Judge assigned to the Superior Court.

On January 20, 2017, Appellant filed a *pro se* "Emergency PCRA Petition" pursuant to 42 Pa.C.S. §9545(b)(1)(iii)[1] to challenge the legality of his sentence based on ***Commonwealth v. Veon***, 150 A.3d 435 (Pa. 2016).[2] The PCRA court held a hearing on the Petition on March 6, 2017. On March 15, 2017, the court denied the Petition for lack of jurisdiction due to untimeliness.

Appellant filed a Notice of Appeal on March 15, 2017. On March 20, 2017, his sentence of 60 months' probation expired. The court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. On May 3, 2017, Appellant filed a counseled Rule 1925(b) statement. The PCRA court filed a Rule 1925(a) Opinion.

Appellant presents the following issues in his Brief:

1. Whether the [ ] the PCRA Court erred in ruling it lacked jurisdiction to exercise its inherent powers to correct an illegal sentence in light of [ ] ***Commonwealth v. Veon***, 150 A.3d 435 (Pa. 2016) and Appellant's Co-Defendant in ***Commonwealth v. Perzel***, No. 1382 MDA, non-precedential decision of April 5, 2017.

_____

[1] Section 9545(b)(1)(iii) provides an exception to the PCRA's one year time for filing a petition where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

[2] In ***Veon***, decided November 22, 2016, the Pennsylvania Supreme Court held that the Pennsylvania Department of Community and Economic Development ("DCED") is "neither a 'direct victim' nor a reimbursable compensating government agency under Section 1106. Thus, it was error for the trial court in this case to order such restitution[.]" 150 A.3d at 455.

2. Whether the Court can exercise its inherent equitable power to correct an illegal sentence of restitution *sua sponte* in light of **Commonwealth v. Johnson**, 873 A.2d 704, 708 n. 1 (Pa. Super. 2005).

Appellant's Brief at 7.

The legislature provided that, in order for a PCRA petitioner to be eligible for relief, he must be "at the time relief is granted: (i) currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). Accordingly, "[a]s soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition." **Commonwealth v. Williams,** 977 A.2d 1174, 1176 (Pa. Super. 2009) (citation omitted).

Appellant completed serving his entire sentence on March 20, 2017, while the appeal of the order denying his PCRA Petition was pending. Because Appellant completed his sentence, he is ineligible for PCRA relief.[3]

Order affirmed.

---

[3] This Court may affirm a PCRA court's decision on any grounds. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super.2012) (citing **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa.Super.2010)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/08/2018