J-A27008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALEATHEA GILLARD, | : | |
| | : | No. 3390 EDA 2018 |
| Appellant | | |

Appeal from the Judgment of Sentence Entered June 29, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002546-2016

BEFORE: BOWES, J., SHOGAN, J. and STRASSBURGER, J.[*]

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

**FILED DECEMBER 18, 2019**

I join the Majority's holding that, under the circumstances of this case, Appellant has failed to establish that her sentencing claim warrants relief from this Court. I write separately to express my disquiet about the nearly unfettered discretion given to trial courts in sentencing a defendant.

Our appellate courts have consistently

reinforced the notion that a trial court has broad discretion in sentencing a defendant, and concomitantly, the appellate courts utilize a deferential standard of appellate review in determining whether the trial court abused its discretion in fashioning an appropriate sentence. The reason for this broad discretion and deferential standard of appellate review is that the [trial] court is in the best position to measure various factors and determine the proper penalty for a particular offense based upon an evaluation

---

[*] Retired Senior Judge assigned to the Superior Court.

of the individual circumstances before it. Simply stated, the [trial] court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the [trial] court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

*Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014) (citations and quotation marks omitted). Additionally, "[t]he imposition of consecutive as opposed to concurrent sentences is solely within the discretion of the trial court, and does not in and of itself even rise to the level of a substantial question." *Commonwealth v. Johnson*, 873 A.2d 704, 709 at n.2 (Pa. Super. 2005).

I am mindful of these principles. I am also aware that Appellant's actions in this case were horrific. However, I believe the inconsistent application of the sentencing factors and limited appellate review results in similarly situated defendants being treated disparately with no recourse.[1] I believe this is a situation our jurisprudence cannot countenance. Accordingly, I respectfully concur.

---

[1] Appellant was given the maximum sentence on each of three counts. Because the sentences were ordered to run consecutively, the aggregate sentence was 22½ to 45 years. Had the sentences been ordered to run concurrently, the aggregate sentence would have been 10 to 20 years. Given our deferential standard of review, we cannot reverse the sentence in either case. Nor can we reverse because the maximum sentence is far greater than the guidelines suggest.