J-S01023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHAPPELL JOE WILLIAMS | : | |
| | : | |
| Appellant | : | No. 702 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 3, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001723-2019

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED: FEBRUARY 8, 2022**

Appellant Chappell Joe Williams appeals from the judgment of sentence imposed following his conviction for aggravated assault[1] and related offenses. Appellant contends that the trial court abused its discretion by imposing an excessive sentence, failing to consider mitigating evidence, and ordering the sentence to run consecutive to a sentence at a separate but related trial court docket. We affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

On February 19, 2019, driver Savion Harden, ([the v]ictim), age twenty-two (22), front seat passenger, Christian Simmons, ([the w]itness), age twenty-one (21), and rear seat passenger, [Appellant], age forty-two (42), were in the victim's vehicle

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1).

parked at 877 East Chestnut Street, Lancaster, Pennsylvania, in furtherance of [Appellant] buying marijuana from the victim and witness. Per the victim, the deal fell through which resulted in [Appellant] shooting the victim twice, once in the leg and once in the chest. The witness confirmed [Appellant] shot the victim at least once and heard another gunshot as the witness ran away. [Appellant] himself admitted that he fired twice while in the car. The victim suffered serious bodily injury from two bullet wounds and needed immediate [medical] intervention to save his life. Later that night, Lancaster City Police recovered two silver [nine-millimeter[2]] shell casings from the victim's car. Six days later when [Appellant] was arrested, [Appellant] was in possession of the gun that he used to shoot the victim. A Pennsylvania State Police forensic toolmark and firearm identification expert later confirmed with one hundred percent (100%) certainty that the shell casings found in the victim's car were fired from the gun found in [Appellant's] possession at the time of [his].

\* \* \*

On February 25, 2019, [Appellant] was arrested on the following charges: aggravated assault (18 Pa.C.S. § 2702(a)(1)); conspiracy to commit aggravated assault (18 Pa.C.S. § 903); robbery-inflict serious bodily injury (18 Pa.C.S. § 3701 (a)(1)(i)); conspiracy to commit robbery-inflict serious bodily injury (18 Pa.C.S. § 903); firearms not to be carried without a license (18 Pa.C.S. § 6106 (a)(1)); and person not to possess, use, manufacture, control, sell or transfer firearms (18 Pa.C.S. § 6105(a)(1)). On March 1, 2021, [Appellant] filed a motion *in limine* to exclude forensic firearm and toolmark testimony which the [trial c]ourt denied on March 9, 2021. The Commonwealth provided [Appellant's] counsel with the report, photographs, notes, and curriculum vitae of the Pennsylvania State Police firearm and toolmark examiner, David A. Krumbine. On March 29, 2021, the [trial c]ourt denied [Appellant's] motion to dismiss for lack of speedy trial. Prior to the start of trial, on March 29, 2021, the Commonwealth withdrew both conspiracy counts. Following a four-day jury trial which ended April 1, 2021, [Appellant] was found guilty of aggravated assault and carrying a firearm without a license and not guilty of robbery. Immediately following the verdict, a bench trial was held on the charge of a

_____

[2] *See* N.T., 3/29/21 & 3/31/21, at 280-287.

person not to possess, use, manufacture, control, sell or transfer firearms, to which the [trial c]ourt found [Appellant] guilty. On May 3, 2021, following a presentence investigation [(PSI) report, Appellant] was sentenced to nine (9) to eighteen (18) years[3] [of incarceration to be served consecutive to a sentence in a separate case.4]

Trial Ct. Op., 7/30/21, at 1-3 (unpaginated) (record citations and footnote omitted).

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claim.

On appeal, Appellant presents the following issue:

_____

[3] The trial court sentenced Appellant to concurrent standard-range sentences of 108 to 216 months of incarceration for aggravated assault, forty-eight to ninety-six months of incarceration for firearms not to be carried without a license, and sixty to 120 months of incarceration for persons not to possess firearms. N.T., 5/3/21, at 2, 9.

[4] Briefly, we summarize the related case as follows: When Lancaster City Bureau of Police Detective Nathan Nickel was on his way to obtain a felony arrest warrant for Appellant in connection with the shooting in the instant case, he encountered Appellant on the 500 block of East Chestnut Street. *See Commonwealth v. Williams*, 929 MDA 2020, 2021 WL 3163060 (Pa. Super. filed July 27, 2021) (unpublished mem.). After the detective confirmed that it was Appellant, he asked Appellant to sit on the sidewalk. *Id.* At that time, Appellant ducked behind a parked vehicle and attempted to discard a firearm. *Id.* The detective arrested Appellant, who was found in possession of the firearm and a cell phone. *Id.* Appellant was arrested and convicted in that case for persons not to possess a firearm (18 Pa.C.S. § 6105(a)(1)), firearms not to be carried without a license (18 Pa.C.S. § 6106(a)(1)), and receiving stolen property (18 Pa.C.S. § 3925(a)). *Id.* The trial court in that case sentenced Appellant to an aggregate term of seven and one-half to fifteen years of incarceration. *Id.* On appeal, this Court affirmed Appellant's judgment of sentence.

The trial court imposed a sentence of nine to eighteen years' incarceration consecutive to the seven-and-a-half-to-fifteen-year sentence defendant was already serving on a related docket. Did the trial court abuse its sentencing discretion when it imposed that sentence?

Appellant's Brief at 4.[5]

Appellant presents a challenge to the discretionary aspects of his sentence and contends that the trial court imposed an excessive sentence. *Id.* at 10, 11-14. Specifically, Appellant asserts that the trial court failed to consider mitigating circumstances and abused its discretion by ordering the sentence to run consecutive to a sentence at a separate docket. *Id.*

It is well settled that

challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

---

[5] In his Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Appellant presented two additional issues. *See* Rule 1925(b) Statement, 6/23/21. However, in his brief on appeal, Appellant has not raised or presented any argument relative to the other claims of error. Accordingly, Appellant has abandoned those issues on appeal. *See* Pa.R.A.P. 2116(a), 2119(a); *see also Commonwealth v. McGill*, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal).

*Commonwealth v. Proctor*, 156 A.3d 261, 273 (Pa. Super. 2017) (some citations omitted and formatting altered). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Here, Appellant preserved his sentencing issue by raising a timely objection on the record at the time of sentencing. *See* N.T., 5/3/21, at 10-11. Additionally, Appellant filed a timely appeal and included a Rule 2119(f) statement in his appellate brief.

In his Rule 2119(f) statement, Appellant contends that the trial court abused its discretion by imposing an excessive sentence and failing to adequately weigh Appellant's rehabilitative needs. Appellant's Brief 9. Specifically, Appellant asserts:

> In this case, the trial court imposed an excessive consecutive sentence. As the trial court was aware, [Appellant] was already serving seven and a half to fifteen years in prison. On top of that, the trial court imposed an additional nine to eighteen years [in the instant case]. This raises a substantial question and merits review is necessary.

*Id.* at 10. Appellant further contends that the trial court was dismissive of and failed to consider mitigating factors. *Id.* at 13.[6] After review, we conclude

---

[6] Appellant did not include the word "mitigating" in his Rule 2119(f) statement, but rather, he included it in the argument portion of his brief. However, we will weigh Appellant's allegation that the trial court failed to consider
*(Footnote Continued Next Page)*

that Appellant has raised a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (finding that an excessive-sentence claim, together with an assertion that the court failed to consider mitigating factors, presents a substantial question).[7]

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted). It is within the discretion of the trial court to impose a sentence concurrently or consecutively to other sentences imposed at the same time or to sentences already imposed. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013). Indeed, an appellant is not entitled to a "volume discount" for his crimes by having all his sentences run concurrently. *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995).

_____

mitigating factors in determining whether Appellant presented a substantial question. *See Commonwealth v. Johnson*, 873 A.2d 704, 708 (Pa. Super. 2005) (considering the argument portion of an appellant's brief in addition with the Rule 2119(f) statement prior to determining whether the appellant raised a substantial question).

[7] We are cognizant that the "determination of whether an appellant has presented a substantial question in various cases has been less than a model of clarity and consistency, even in matters not involving excessive sentence claims." *Commonwealth v. Dodge*, 77 A.3d 1263, 1272 (Pa. Super. 2013).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on victim and community, and [the] rehabilitative needs of the defendant." ***Commonwealth v. Fullin***, 892 A.2d 843, 848 (Pa. Super. 2006) (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." ***Id.*** (citation omitted). However:

> Our Supreme Court has determined that where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the PSI; thus[,] properly considering and weighing all relevant factors.

***Commonwealth v. Edwards***, 194 A.3d 625, 637-38 (Pa. Super. 2018) (citations omitted and formatting altered).

The trial court addressed Appellant's issue as follows:

> [Appellant] is a career criminal who has preyed on others in his community. N.T., 5/3/21, at 8. He has a twenty[-]year prior record and has not changed his behavior. ***Id.*** at 11. The victim is half [Appellant's] age. ***Id.*** at 9. If the victim had not been so close to the hospital [when he was shot,] and had the witness not driven him there, the victim would have died and [Appellant] would have been charged with murder. ***Id.*** The [trial c]ourt complied with all of the applicable requirements in imposing sentence by considering [Appellant's] history per the [PSI] report, the sentencing code/guidelines, the circumstances of the offenses, and the need to protect the community. Given all the pertinent factors considered in determining [Appellant's] sentence, the [trial c]ourt did not impose an excessive sentence.

Trial Ct. Op., 7/30/21, at unpaginated 6.

The record supports the trial court's conclusions. The trial court had the benefit of a PSI report, stated its awareness of the Sentencing Guidelines, discussed aggravating and mitigating factors, considered Appellant's personal background and criminal history, and imposed a sentence within the standard range of the Sentencing Guidelines. N.T., 5/3/21, at 2, 3, 7-9. On this record, we discern no abuse of discretion in the concurrent standard-range sentences imposed or in the trial court's decision to run the instant aggregate sentence consecutive to the sentence in a separate case. *Austin*, 66 A.3d at 808; *Hoag*, 665 A.2d at 1214. For these reasons, we conclude that no relief is due, and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/08/2022