J-S13017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYMEEN WILLIAMS | |
| Appellant | No. 638 WDA 2015 |

Appeal from the Judgment of Sentence entered April 7, 2015
In the Court of Common Pleas of Erie County
Criminal Division at Nos: CP-25-CR-0002134-2014
CP-25-CR-0002508-2014

BEFORE:  LAZARUS, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 13, 2016**

Appellant, Tymeen Williams, appeals from the judgment of sentence the Court of Common Pleas of Erie County entered April 7, 2015.  In the brief filed by his counsel in accordance with ***Anders v. California***, 386 U.S. 938 (1969), as refined by ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), Appellant contends his sentence is manifestly excessive.  Specifically, Appellant argues the sentencing court considered impermissible factors in fashioning his sentence.  His counsel concurrently filed a petition for leave to withdraw.  For the reasons explained below, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

The trial court summarized the relevant background of the case as follows:

> On January 12, 2015, Appellant pled guilty to disarming a law enforcement officer without lawful authority, firearms not to be carried without license, and resisting arrest at [d]ocket [n]umber 2134 of 2014 and simple assault at [d]ocket [n]umber 2508 of 2014.
>
> On April 7, 2015, [the trial court sentenced Appellant to an aggregate term of incarceration of 58 months to 112 months.]
>
> Appellant filed a [m]otion for [r]econsideraton of [s]entence on April 9, 2015, which was denied by [o]rder dated April 9, 2015.
>
> On April 17, 2015, Appellant filed a notice of appeal. On April 22, 2015, Appellant filed a [s]tatement of [m]atters [c]omplained of on [a]ppeal[, challenging, *inter alia*, the sentencing court's reliance on impermissible factors in fashioning his sentence].

Trial Court Opinion, 6/11/15, at 1-2 (footnote omitted).

We must address the request to withdraw before reviewing the merits of Appellant's issue. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005). As this Court recognized in *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013), our Supreme Court's decision in *Santiago* did not change the procedural requirements for requesting withdrawal from representation.

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009)).

We conclude counsel has satisfied the procedural requirements set forth in *Anders*.[1]  In the petition to withdraw, counsel explains her conclusion, based on a review of the case, that there are no meritorious issues to be raised on Appellant's behalf and that proceeding with the case would be frivolous.  In addition, counsel furnished a copy of the appellate brief to Appellant and advised Appellant of his right to retain new counsel or act on his own behalf to raise additional arguments or points for this Court's consideration.

Having concluded counsel satisfied the procedural requirements of *Anders*, we must ascertain whether the brief satisfied the substantive mandates prescribed in *Santiago*.  In *Santiago*, our Supreme Court announced:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's

---

[1] Although in her petition to withdraw, counsel stated that she was filing an *Anders/McClendon* brief, the brief filed with this Court appropriately refers to *Santiago,* requiring that counsel state the reasons for concluding the appeal is frivolous, rather than comply with the standard set forth in *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981), abrogated by *Santiago*.

reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

In the *Anders* brief, counsel has included a statement of the case that includes a procedural history of the case. Counsel has satisfied the first requirement.

The second required element of an *Anders* brief is reference to anything in the record that counsel believes arguably supports the appeal. Here, counsel suggests that the trial court relied on impermissible factors, namely, "that . . . Appellant was in possession of a stolen firearm at the time of his arrest." Appellant's Brief at 7. Appellant notes this circumstance was not mentioned in the guilty plea. Counsel, therefore, has satisfied the second *Anders* requirement.

Counsel also has satisfied the third element of *Anders*, stating her conclusion that the appeal is frivolous. *Id.* at 8-9. Finally, counsel provided her reasons for concluding the appeal is frivolous. *Id.* at 9. Thus, counsel has satisfied the fourth and final element of the *Anders* test.

Having determined the procedural and substantive requirements of *Anders* are satisfied, we must conduct our own independent review of the record to determine if the issue identified in this appeal is, as counsel asserts, wholly frivolous, or if there are any other meritorious issues present in this case. *Santiago*, 978 A.2d at 354 (quoting *Anders*, 386 U.S. at 744)

("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.  If it so finds, it may grant counsel's request to withdraw.").

As noted above, Appellant argues the trial court abused its discretion by imposing a manifestly excessive sentence.  Specifically, Appellant argues the trial court relied on an impermissible factor, namely that he was in possession of a stolen weapon at the time of his arrest.  Appellant's Brief at 8.  As such, Appellant presents a challenge to the discretionary aspects of his sentence.  ***Commonwealth v. Macias***, 968 A.2d 773, 776 (Pa. Super. 2009).

In ***Commonwealth v. Levy***, 83 A.3d 457 (Pa. Super. 2013), this Court reiterated:

> Appellant is not entitled as of right to a review of such a challenge.  Our jurisdiction over a claim regarding the discretionary aspects of sentence must be established as follows:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Id.*** at 467 (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations and modifications omitted)).

A review of the record reveals that Appellant has satisfied the first three elements of the test. We now turn to the fourth element, whether there is a substantial question under 42 Pa.C.S.A. § 9781(b) that the sentence appealed from is not appropriate.[2] An allegation that the trial court considered an impermissible sentencing factor raises a substantial question. *Commonwealth v. Matroni*, 923 A.2d 444 (Pa. Super. 2007). Thus, we will consider the merits of Appellant's sentencing challenge.

Appellant failed to show that the sentencing court abused its discretion in fashioning Appellant's sentence.[3] To this end, the trial court noted that Appellant's possession of a loaded, stolen firearm at the time of arrest was mentioned in four separate instances during sentencing proceedings, yet Appellant never challenged this statement. Trial Court Opinion, 6/11/15, at 2-4. The trial court also emphasized the circumstance complained of by Appellant was included in the offense description of the Pre-Sentence

_____

[2] "A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Johnson*, *G.*, 873 A.2d 704, 708 (Pa. Super. 2005)*.*

[3] "In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard. Additionally, this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.[A]. § 9781(c) and (d)." *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa. Super. 2013) (quotation marks and citations omitted).

Investigation report (PSI). Appellant did not challenge the accuracy of the PSI, despite the fact he had the opportunity to do so.

The trial court also noted that even if the circumstance was indeed not accurate, the court's reliance on such circumstance does not warrant a finding of abuse of discretion. We agree. The sentencing court noted:

> The [c]ourt considered Appellant's age, work, education, and personal history, and that the crimes were Appellant's first non-summary charges as an adult. The [c]ourt balanced these factors with the serious nature of the crimes and that Appellant has an extensive juvenile record, which includes three felony adjudications. The [c]ourt also noted Appellant seemed to have a recurring issue with anger management and substance abuse issues. Appellant's sentences were in the standard range of the Sentencing Guidelines. Therefore, Appellant's sentences were justified absent consideration of possession of a stolen firearm when arrested.

Trial Court Opinion, 2/5/15, at 4-5 (internal citations omitted).

In light of the foregoing, we conclude that the trial court did not abuse its discretion in fashioning Appellant's sentence, even if it relied on an impermissible factor, because the sentencing court had independently valid reasons supporting Appellant's sentence. *See Commonwealth v. Smith*, 673 A.2d 893 (Pa. 1996) (where departure sentence was justified by independently valid reasons, even though impermissible sentencing factor also was employed in support, sentence must be affirmed); *Commonwealth v. Sheller*, 961 A.2d 187, 192 (Pa. Super. 2008) ("Even if a sentencing court relies on a factor that should have not been considered,

there is no abuse of discretion when the sentencing court has significant other support for its departure from the sentencing guidelines.").[4]

In summary, we agree with counsel that any challenge to the trial court's sentence is frivolous. Our independent review of the record does not reveal any non-frivolous arguments available to Appellant. We therefore affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition for leave to withdraw is granted.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2016

_____

[4] As noted above, the sentencing court sentenced Appellant in the standard range of the sentencing guidelines. As such, the instant matter is even less assailable than **Smith** and **Sheller**.