J-S07022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT WILBUR TILDEN, JR. | |
| Appellant | No. 1494 MDA 2016 |

Appeal from the Judgment of Sentence August 11, 2016
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000475-2015

BEFORE:  BOWES, J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED APRIL 04, 2017**

Scott W. Tilden. Jr., appeals from the judgment of sentence imposed, following his conviction in the Court of Common Pleas of Perry County, of two counts of robbery.[1]  Tilden argues the court abused its discretion by directing his sentence in this matter, to run consecutively to a sentence imposed following his conviction in Adams County of a third count of robbery.  After review, we affirm.

On January 4, 2016, Tilden pleaded guilty in Adams County to one (1) count of robbery, graded as a felony of the second degree.  The court sentenced Tilden to three (3) to six (6) years' imprisonment.  On August 11,

_____

[1] 18 Pa.C.S.A. § 3701(a)(1)(vi).

2016, Tilden pleaded guilty to two additional counts of robbery in Perry County, each graded as a felony of the second degree.

At the sentencing hearing, the trial court in Perry County examined Tilden's personal history and the details of the three robberies. N.T. Sentencing Hearing, 8/11/16, at 5. The first two robberies occurred at the First National Bank of Mifflintown in Perry County on September 16, 2015, and September 22, 2015. A different teller-employee was present at each of the two robberies, resulting in two different victims. The third robbery occurred at a different banking institution one week later, in Adams County, on September 29, 2015.

On August 11, 2016, following review of Tilden's Presentence Investigation Report ("PSI"), Tilden received a sentence, on each count, of twenty-four (24) to sixty (60) months' imprisonment, each sentence to run consecutively. The trial court directed this sentence to run consecutively to the sentence imposed for robbery in Adams County.

Tilden filed a timely appeal. On October 4, 2016, he filed a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. On appeal, Tilden raises the following issue:

> Did the trial court err in not running [Tilden's] sentence concurrently to that of Adam's County in that [Tilden] was alleging a crime spree being the result of his drug addiction?

Appellant's Brief at 8.

The Commonwealth argues the sentencing court acted within its discretion in imposing Tilden's sentences consecutively. It further argues that Tilden's Rule 2119(f) statement[2] is technically deficient, and thus he has failed to raise a substantial question that justifies review of the discretionary aspect of his sentence. We agree.

A challenge to the discretionary aspects of a sentence does not entitle an appellant to review as a matter of right. Rather, before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke the Superior Court's jurisdiction on appeal by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 2119(f); (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Swop*, 123 A.3d 333, 337 (Pa. Super. 2015), quoting

*Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

---

[2] An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence. *See* Pa.R.A.P. 2119.

Presently, Tilden filed a timely notice of appeal, but did not preserve his issue in a post-sentence motion challenging the discretionary aspects of his sentence. However, during Tilden's sentencing proceeding, he presented to the court the specific issue later raised in his Rule 1925(b) statement. N.T. Sentencing Hearing, 8/11/16, at 6-9; Appellant's Brief, at 8. Thus, Tilden effectively preserved his issue for appeal.[3]

A substantial question as to the inappropriateness of a sentence exists where the appellant "sets forth a plausible argument that the sentence violated a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Naranjo*, 53 A.3d 66, 72 (Pa. Super. 2012) (citations and quotations omitted). On appeal, a defendant must provide, in writing, a statement specifying the following: (1) where their sentence falls in the sentencing guidelines, (2) what provision of the sentencing code has been violated, (3) what fundamental norm the sentence violated, and (4) the manner in which it violated the norm. *Id.*

Within this framework, "[a] defendant may raise a substantial question that a sentence is not appropriate . . . where he receives consecutive

---

[3] "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012) quoting *Commonwealth v. Shugars*, 895 A.2d 1270, 1273-74 (Pa. Super. 2006).

sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013). An excessive sentencing claim made in conjunction with an assertion that the court did not consider mitigating factors may also raise a substantial question. ***See Commonwealth v. Perry,*** 883 A.2d 599, 602 (Pa. Super. 2005).

Here, Tilden's Rule 2119(f) statement outlines six reasons he believes present a substantial question for appeal. Appellant's Brief, at 10. Taken in aggregate, reasons (1), (2), (3), (5) and (6) address Tilden's contention that the trial court did not address or consider his drug addiction either as a mitigating factor or as the nexus of what he avers was a three-robbery crime spree constituting a single criminal episode. Reason (4) addresses Tilden's compromised ability to make the victims of his robberies whole.

Noticeably absent from Tilden's Rule 2119(f) Statement is an identification of where within the sentencing guidelines his sentence falls or any assertion that his sentence was imposed in violation of the sentencing guidelines. These elements are required. ***See Naranjo***, 53 A.3d at 72. Additionally, Tilden proffers no reason nor cites to authority suggesting that imposition of his sentence "violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Johnson***, 873 A.2d 704, 708 (Pa. Super.

2005). Also noticeably absent from Tilden's Rule 2119(f) Statement is a claim that imposition of consecutive sentences has resulted in an excessive sentence. **Dodge**, **supra**; **Perry**, **supra**.[4]

We agree with the Commonwealth that Tilden's Rule 2119(f) statement is technically deficient. Commonwealth's Brief at 4. Tilden's sentence falls within the lower end of the standard range of the sentencing guidelines, and he offers no legitimate argument suggesting the imposition of consecutive sentences is unreasonable or results in an excessive punishment.

Tilden's Rule 2119(f) statement fails to raise a substantial question to justify review of the discretionary aspect of his sentence. We, therefore, may not review the merits of his claim.

Judgment of sentence affirmed.

Judge Musmanno joins the Memorandum, Judge Bowes concurs in the result.

---

[4] We note that the court considered Tilden's PSI report. Where the sentencing judge had the benefit of a PSI report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. **Commonwealth v. Boyer**, 856 A.2d 149, 154 (Pa. Super. 2004). Moreover, each robbery perpetrated by Tilden involved different individual victims, occurred approximately one week apart from one another and took place in two different jurisdictions. The crimes are not related factually or temporally, and thus do not constitute a single criminal episode. See 18 Pa.C.S. §110(1)(ii). Further, at Tilden's sentencing hearing, he acknowledged the Commonwealth agreed to the lower end of the standard sentencing range. N.T. Sentencing Hearing, 8/11/16, at 6.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2017