J-S29011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANNA BEVERLY DAVIDOWSKI | |
| Appellant | No. 2639 EDA 2016 |

Appeal from the Judgment of Sentence July 22, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000321-2016,
CP-15-CR-0003572-2015

BEFORE:  LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:              **FILED JUNE 09, 2017**

Anna B. Davidowski appeals from her judgment of sentence, entered in the Court of Common Pleas of Chester County, following her conviction of two counts of driving under the influence (DUI).[1]  After careful review, we affirm.

The facts and procedural history of this case have been set forth by the trial court as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] Driving under influence of alcohol or controlled substance, 75 Pa.C.S.A. § 3802(a), a misdemeanor of the second degree, and driving under influence of alcohol or controlled substance, 75 Pa.C.S.A. § 3802(a), a misdemeanor of the first degree.

On March 20, 2013, [Davidowski] was arrested in Berks County for [DUI]. She ultimately received [accelerated rehabilitative disposition (ARD)] for that conviction. She was incident-free until January 14, 2015. On that date, [Davidowski] was pulled over by police in Chester County after she was seen driving on [two] flat tires. When the police officer approached her, he detected a strong odor of alcohol on her breath. He also noticed that she had glassy, bloodshot eyes, slurred speech[] and was completely unaware that there was a problem with her vehicle. She was charged with DUI under term 3572-15.

During the next [eleven] months, [Davidowski] was arrested in Berks County for DUI on three separate occasions. Those incidents occurred on April 18, 2015, September 25, 2015, and November 23, 2015. During these incidents, [Davidowski's] driving was beyond reckless. She was very lucky that she did not seriously injure either herself or anyone else.

On November 24, 2015, the day after her fourth arrest for DUI in Berks County, [Davidowski] was again arrested in Chester County for DUI. In that case, she crossed over the double yellow lines of Route 10, which is a very heavily travelled road, and she hit a tractor-trailer head-on, causing extensive damages to both vehicles. Luckily, the truck driver was not hurt. [Davidowski], on the other hand, suffered a broken sternum and a bloody lip. The truck driver stated that [Davidowski's] head was down immediately prior to the accident as if she was passed out. Following the accident, [Davidowski] was abrasive and aggressive toward the truck driver and to police officers who arrived on the scene. She was charged with DUI under term number 321-16 for this incident and her bail was revoked.

On June 2, 2016, [Davidowski] entered an open guilty plea to the two counts of DUI occurring in Chester County. Sentencing was deferred until July 22, 2016. On that date, she was sentenced to [one to two] years' imprisonment for the January 14, 2015 incident[] and a consecutive [two to four] years' imprisonment for the November 24, 2015 incident. Both of these sentences were to run consecutively to the [one to five] year sentence she received in Berks County for the charges pending against here there.

On July 29, 2016, [Davidowski] filed a [p]etition for [r]econsideration and [r]eduction of [s]entence. Her [p]etition was denied by court [o]rder dated August 3, 2016.

Trial Court Opinion, 12/14/16, at 1-3 (internal citations omitted).

On July 29, 2016, Davidowski filed a petition for reconsideration and reduction of sentence, which the trial court denied. *See Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super 2003) (issues challenging discretionary aspects of sentencing must be raised in post-sentence motion to modify sentence imposed or by raising claim during sentencing proceedings). The instant, timely appeal followed, and pursuant to Pa.R.A.P. 1925(b), Davidowski filed a court-ordered concise statement of errors complained of on appeal on September 13, 2016. Davidowski raises the following question for our review:

Did the trial court abuse its discretion when it imposed an aggregate sentence of not less than three (3) years['] nor more than six (6) years' state incarceration to be served consecutively to a one (1) year to five (5) year sentence imposed by the Berks County Court of Common Pleas? In imposing the foregoing sentence, did the trial court fail to give appropriate weight to mitigating factors?

Brief of Appellant, at 4.

Our standard upon review of a decision of a sentencing court is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abused of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law,

exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Bowen*, 975 A.2d 1120, 1122 n.3 (Pa. Super. 2009) (citation omitted).

Davidowski raises a challenge to the discretionary aspects of her sentence. When the discretionary aspects of a judgment of sentence are questioned, an appeal is not guaranteed as of right. *Commonwealth v. Moore*, 617 A.2d 8, 11 (Pa. Super. 1992). Rather, appellant must meet four criteria before an appeal may be taken: (1) the appeal must be timely; (2) appellant must have preserved his issue(s); (3) appellant must set forth in his brief a Pa.R.A.P. 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence, and (4) the concise statement must raise a substantial question that the sentence is appropriate under the sentencing code. *Commonwealth v. Disalvo*, 70 A.3d 900 (Pa. Super. 2013). This Court will find a "substantial question" and review the discretionary aspects of a sentence only where an aggrieved party can clearly articulate why the sentence imposed by the trial court compromises the sentencing scheme as a whole. *Commonwealth v. Mouzon*, 812 A.2d 617 (Pa. 2002). *See also Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) ("We will be inclined to recognize a substantial question where an appellant advances a colorable argument that the trial court's actions are inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms which underlie the sentencing process").

Here, Davidowski has included in her brief a statement pursuant to Rule 2119(f), setting forth the reasons in support of her appeal. She claims that the trial court abused its discretion by fashioning a sentence that is outside of the sentencing guidelines, above the applicable mandatory minimum sentences and unreasonable pursuant to 42 Pa.C.S.A. § 9781(c)(3).[2] We find that this issue raises a substantial question, and therefore, proceed to review its merits. *See Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007) (claim that sentencing court misapplied sentencing guidelines presents substantial question, as required for appellate court to reach merits of discretionary sentencing issue).

Section 9781(c) of the Sentencing Code provides, in relevant part, that "[t]he appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds . . . (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is

_____

[2] Davidowski also appears to challenge The Honorable Patrick Carmody's order that her sentence was ordered to run consecutively to her Berks County sentence. Brief of Appellant, at 15. It is well established that under 42 Pa.C.S.A. § 9721 the sentencing court has the discretion to impose its sentence concurrently or consecutively to other sentences imposed at the same time or to existing sentences. *Commonwealth v. Mastromarino*, 2 A.3d 581, 586 (Pa. Super. 2010). Any challenge to the exercise of this discretion does not ordinarily raise a substantial question unless the overall sentence is excessive. *Id.* (citing *Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005)). The consecutive nature of Davidowski's sentences does not render her overall sentence excessive. Thus, we decline to find that this issue raises a substantial question for our review. *Mastromarino*, *supra*.

unreasonable. In all other cases the appellate court shall affirm the sentence imposed by the sentencing court." 42 Pa.C.S.A. § 9781(c)(3). In making an unreasonableness inquiry, this Court is to consider four factors: (1) the nature and circumstance of the offense and the history and character of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the finding upon which the trial court based defendant's sentence; and (4) the sentencing guidelines. *See* 42 Pa.C.S.A. § 9781(d).

A permissible and legal sentence under statutory law is not rendered improper simply because the sentence exceeds the sentencing guidelines; the guidelines do not supersede the statutes. *Commonwealth v. Johnson*, 873 A.2d 704, 709 (Pa. Super. 2005). The trial court, while required to consider the sentencing guidelines and the individual whose liberty is at stake, must also consider other factors, including the protection of the public, the gravity of the offense in relation to impact on victims and community, and the rehabilitative needs of the defendant. *Id.*

Davidowski's underlying convictions were for her fourth and fifth DUI offenses, which are collectively punishable by an aggregate term of imprisonment not to exceed seven years. *See* 18 Pa.C.S.A. § 106(b)(6) and (7). Accordingly, the trial court could have imposed a statutory maximum term of imprisonment of seven years. Here, the trial court sentenced Davidowski to three to six years' imprisonment, a sentence that falls outside the sentencing guidelines, but falls short of the statutory maximum.

In fashioning Davidowski's sentence, the sentencing court took into consideration all relevant factors, including the protection of the public, the gravity of the offense, Davidowski's rehabilitative needs and the information set forth in Davidowski's memorandum in aid of sentencing.[3] Trial Court Opinion, 12/14/16, at 5. The trial court, in a written statement, also noted that two of Davidowski's five arrests occurred on back-to-back days and that she had five DUI arrests in a timespan of less than one year, most of which occurred while on bail for her January 14, 2015 DUI arrest in Berks County.[4] *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007) (if trial court imposes sentence outside of sentencing guidelines, it must provide written statement setting forth reason for deviation, and failure to do so is grounds for resentencing). Moreover, at Davidowski's sentencing hearing, the Honorable Patrick Carmody explained the sentencing court's reasons for imposing a sentence deviating upward from the Sentencing Guidelines as follows:

> Sentencing guidelines are simply guidelines. They're totally inadequate to cover the situation involved here.
>
> . . .
>
> [You are] using [your car] like a personal bumper car when [you are] driving around drunk. And there by the grace of God you stand here today.

---

[3] Davidowski waived her right to a pre-sentence investigation (PSI) report. N.T. Sentencing, 12/20/2016, at 4-5.

[4] Trial Court Order Denying Petition for Reconsideration and Reduction of Sentence, 8/3/16, at 1.

> ***The protection of the public in this case is extremely
> needed*** because you did everything – each one of these arrest
> is what could be called a wake-up call.  And you just kept getting
> back in the car and driving and endangering people . . . I will tell
> you that I've been in the criminal justice system for over [thirty]
> years.  [It is] rare that [I have] ever seen a case with such
> horrifically reckless behavior, extended behavior for such a
> period of time.

N.T. Sentencing Hearing, 6/22/16, at 33-34 (emphasis added).  In light of

the foregoing, we can discern no abuse of discretion in the court's sentence.

***Johnson***, ***supra***.

Davidowski also raises the issue of whether in imposing her sentence,

the trial court failed to give appropriate weight to mitigating factors.  "This

court has held on numerous occasions that a claim of inadequate

consideration of mitigating factors does not raise a substantial question for

our review."  ***Disalvo***, 70 A.3d at 903 (citing ***Commonwealth v. Downing***,

990 A.2d 788, 794 (Pa. Super. 2010)).  Accordingly, we conclude

Davidowski's argument that the sentencing court failed to give adequate

weight to mitigating factors does not raise a substantial question appropriate

for our review.  ***See Id***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2017