J. S36035/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHARLIE MACK, | : | No. 2917 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, August 1, 2016,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0005294-2015

BEFORE:  PANELLA, J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 15, 2017**

Charlie Mack appeals from the judgment of sentence of August 1, 2016, following his conviction of driving under the influence ("DUI"), homicide by vehicle while DUI, and aggravated assault by vehicle while DUI.[1]  We affirm.

The tragic facts of this case were recounted at appellant's guilty plea hearing as follows:

> Your Honor, this incident took place on August 16[th], 2015 at approximately 8:33 in the evening at the intersection of Basin and Auburn Streets.
>
> Mrs. Velez, Ruth Ann Velez, and her daughter [Alayna] were traveling southbound on Basin Street when they were about to make a turn onto Auburn. The light was green for them.

---

[1] 75 Pa.C.S.A. §§ 3802(b), 3735(a), & 3735.1, respectively.

Mr. Mack was headed southbound, I'm sorry, northbound on [Basin] Street. He also had a green light.

There was a vehicle, an SUV, stopped facing northbound on Basin Street, about to make a turn to go westbound on Auburn. There was also a witness who was stopped on Auburn Street facing west.

That witness, Ms. Wieder, described seeing the following. She saw Mr. Mack's Pontiac coming north on Basin. Her comment to the officers when she spoke with them was, "Mr. Mack's vehicle was going too fast."

It was in the left-hand lane. It didn't slow down. It swerved around the stopped SUV which was in the left-hand lane of Basin Street. Moments before that the Mitsubishi had already started to make its left-hand turn.

The Pontiac struck the Mitsubishi on the passenger side, right by the A pillar/B pillar location, right on the passenger side door.

The impact propelled the Mitsubishi into the traffic light pole which was to the northeast corner of the intersection.

The Pontiac then proceeded to go further down the road where it came to a final rest.

Emergency personnel arrived on the scene. Ms. Velez, [Alayna] Velez, subsequently died of her injuries she sustained as a result of the crash.

Ruth Ann Velez was rushed to the hospital. Initially it was thought that this would be a two fatal [sic] motor vehicle crash. Mrs. Velez had suffered a torn aorta as a result of that crash in addition to breaking her pelvis in three locations and breaking several ribs.

The doctors were able to save her life. She survives today but she is still treating and can't do her job.

Blood was drawn from Mr. Mack after two emergency personnel noted that he was under the influence of alcohol and reported the same to Sergeant Hill, who was the on-scene supervisor.

When Mr. Mack's blood was drawn and subsequently tested[,] it was determined that his blood alcohol level was a .13.

Notes of testimony, 6/14/16 at 6-8.

Additionally, Judge, Officer [Dennis] Clemens of the Allentown Police Department reconstructed the crash scene and noted roadway evidence at the scene.

There were no signs of braking prior to impact. Mr. Mack's vehicle did not brake. His speed was determined based on the severity of the impact and the final resting locations for both vehicles that he was traveling 61.64 miles per hour at the time of the crash.

The posted speed limit for that location, Your Honor, is 35 miles an hour and is approximately -- it was determined through the crash investigation that Mrs. Velez, when she made the turn -- started to make the turn at that intersection -- Mr. Mack was 394 feet away based on his speed.

If he had been traveling at the speed limit, there would have been an impact. However, the impact would have been at approximately 29 miles an hour, which could have been clearly survivable by all the parties involved.

Given the fact of his speed, and the amount of alcohol, and the fact that there was no braking, it was clearly his fault. And his actions resulted in the

death of [Alayna] Velez[2] and the injuries to Ruth Ann Velez.

*Id.* at 8-9.

On June 14, 2016, appellant entered an open guilty plea to the above charges. On August 1, 2016, appellant was sentenced to 5 to 10 years' imprisonment on each felony charge of homicide by vehicle while DUI and aggravated assault while DUI, run consecutively for an aggregate sentence of 10 to 20 years' imprisonment; the DUI charge merged for sentencing purposes. Both sentences were within the standard range of the guidelines. Post-sentence motions were denied, and this timely appeal followed. Appellant complied with Pa.R.A.P. 1925(b), and the trial court filed a Rule 1925(a) opinion, relying on its Opinion and Order of August 12, 2016, denying appellant's post-sentence motions.

Appellant has raised the following issue for this court's review: "Whether or not the trial court abused its discretion by imposing an excessive aggregate sentence through the entering of two consecutive sentences upon [appellant] which, based upon the age of [appellant], was essentially a life sentence?" (Appellant's brief at 7.)

> As [a]ppellant raises a challenge to the discretionary aspects of his sentence, we note the applicable standard of review is as follows.
>
> > Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on

---

[2] Alayna was 16 years old at the time of the incident. (*Id.* at 9.)

appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

. . . .

When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. McLaine*, 150 A.3d 70, 75-76 (Pa.Super. 2016), quoting *Commonwealth v. Antidormi*, 84 A.3d 736, 760-761 (Pa.Super. 2014) (internal citations and quotation marks omitted).

An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect,

> Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 76, quoting *Commonwealth v. Samuel*, 102 A.3d 1001, 1006-1007 (Pa.Super. 2014) (some citations omitted).

The record reflects that appellant timely filed a notice of appeal and that he preserved this issue by including it in his post-sentence motion for reconsideration and modification of sentence. Appellant has also included in his brief a statement pursuant to Rule 2119(f). (Appellant's brief at 10.) We now consider whether appellant has presented a "substantial question" for our review.

> "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa.Super. 2013) (citations omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citations omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa.Super. 2012).

*Commonwealth v. Diehl*, 140 A.3d 34, 44-45 (Pa.Super. 2016), *appeal denied*, 2016 WL 6246754 (Pa. 2016).

"In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Perry*, 883 A.2d 599, 603 (Pa.Super. 2005) (citations omitted).

> Long standing precedent of this Court recognizes that 42 Pa.C.S.A. section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. *Commonwealth v. Graham*, 541 Pa. 173, 184, 661 A.2d 1367, 1373 (1995). . . . Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. *Commonwealth v. Johnson*, 873 A.2d 704, 709 n.2 (Pa.Super. 2005); *see also Commonwealth v. Hoag*, 445 Pa.Super. 455, 665 A.2d 1212, 1214 (Pa.Super. 1995) (explaining that a defendant is not entitled to a "volume discount" for his or her crimes).

*Commonwealth v. Mastromarino*, 2 A.3d 581, 586-587 (Pa.Super. 2010), *appeal denied*, 14 A.3d 825 (Pa. 2011), quoting *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 599 (Pa.Super. 2010). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Id.* at 587, quoting *Gonzalez-Dejusus*, *supra*.

Here, appellant does not raise a substantial question for our review regarding the sentencing court's decision to run his sentences consecutively. As stated above, both sentences fell within the standard range of the

sentencing guidelines.[3] This was an open plea and appellant acknowledged that the trial court could impose consecutive sentences. (Notes of testimony, 6/14/16 at 4.) The aggregate sentence of 10 to 20 years' imprisonment is neither grossly disparate to appellant's conduct nor does it "viscerally appear as patently 'unreasonable.'" **Mastromarino**, 2 A.3d at 589, quoting **Gonzalez-Dejusus**, **supra**. Rather, appellant appears to be seeking a "volume discount" for his crimes on the basis that they occurred at the same time and place and involved the same victims. As we have noted, a defendant is not entitled to a "volume discount" for multiple crimes by having all sentences run concurrently. **Hoag**, 665 A.2d at 1214.

The trial court was also in possession of a pre-sentence investigation report. (Opinion and Order, 8/12/16 at 3 n.1.) "Where the sentencing judge had the benefit of a pre-sentence report, it will be presumed that [she] was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors." **Commonwealth v. Fullin**, 892 A.2d 843, 849-850 (Pa.Super. 2006), quoting **Commonwealth v. L.N.**, 787 A.2d 1064 (Pa.Super. 2001). **See also Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) ("It would be

---

[3] For count 1, homicide by vehicle while DUI, the guidelines provided for a sentence of 60 to 72 months, plus or minus 12; for count 4, aggravated assault while DUI, the guideline sentencing range was 48 to 60 months, plus or minus 12. (Notes of testimony, 6/14/16 at 2-3.) Appellant had a substantial criminal record including 15 arrests, 12 convictions, and 4 parole violations. (Notes of testimony, 8/1/16 at 43; Opinion and Order, 8/12/16 at 3 n.1.)

foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand").

Appellant's reliance on **Commonwealth v. Dodge**, 859 A.2d 771 (Pa.Super. 2004), **vacated and remanded on other grounds**, 935 A.2d 1290 (Pa. 2007), is misplaced. (Appellant's brief at 13-14.) In that case, we found that the appellant raised a substantial question where there were numerous standard range sentences ordered to be served consecutively.[4] The appellant in **Dodge** received a sentence of 58½ to 124 years' imprisonment after he was convicted of numerous, largely property offenses, **e.g.**, 37 counts of receiving stolen property, criminal trespass, drug possession, and unauthorized use of a motor vehicle. The crimes in that case did not involve violence against any person and were primarily property crimes involving property of little monetary value. **Id.** at 781. The appellant's sentence on the 37 counts of receiving stolen property alone was 52 to 111 years, representing 88% of the total sentence. **Id.** at 779. Again, this despite the fact that the vast majority of the stolen items had little or no value, **e.g.**, costume jewelry with a value of less than $20. **Id.** at 779 n.10.

---

[4] **See Commonwealth v. Dodge**, 957 A.2d 1198, 1199 n.2 (Pa.Super. 2008), **appeal denied**, 980 A.2d 605 (Pa. 2009) ("In **Dodge**, 859 A.2d at 775-776, we concluded that [a]ppellant properly preserved his challenge to the discretionary aspects of his sentence and raised a substantial question. **Id.** at 775-776. Nothing in the Supreme Court's [subsequent opinion in **Commonwealth v. Walls**, 926 A.2d 957 (Pa. 2007),] undermines those conclusions, and we will not revisit them here.").

Under these circumstances, the court in *Dodge* determined that the appellant's claim of excessiveness raised a substantial question; however, *Dodge* emphasized that it was a "most unusual case" and that "a mere allegation that consecutive sentences are excessive or 'clearly unreasonable' will not be sufficient to raise a substantial question warranting appellate review." *Id.* at 782. "Rather, appellants must demonstrate a substantial question that the sentencing court has violated the letter and spirit of the Sentencing Code, *i.e.*, that the sentence is 'so manifestly excessive as to constitute too severe a punishment.'" *Id.*, quoting *Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002). Thus, *Dodge* was limited to its facts.

Here, appellant's aggregate sentence of 10 to 20 years is not excessive on its face in light of appellant's reprehensible criminal conduct and its devastating impact on the victims and their family. Furthermore, to the extent appellant argues that the sentence is excessive in light of his age and physical condition, and it is essentially a life sentence, he does not raise a substantial question for review. (Appellant's brief at 10, 12.) Appellant was over 60 years of age at the time of sentencing. (*Id.*) Just as appellant is not entitled to a "volume discount" for his crimes, he is not entitled to a "seasonal discount" either, because he committed his crimes in the autumn of his life. This claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2017