J-S39026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DOMENIQUE JAMES LEWIS, | |
| Appellant | No. 1673 WDA 2016 |

Appeal from Judgment of Sentence July 26, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008184-2010

BEFORE: BENDER, P.J.E., BOWES AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 10, 2017**

Dominique James Lewis appeals from the judgment of sentence of thirty-three and one-half to sixty-seven years incarceration, imposed upon remand following our prior holding that Appellant received a constitutionally infirm sentence under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). We affirm.

We described the facts underlying Appellant's criminal conviction in our memorandum opinion on direct appeal as follows:

> At trial, Megan [Wilsher] testified that on February 26, 2010, while Lewis was sitting in her living room, he stood up, pulled out a gun, smiled at her, and fired at her. [Wilsher] testified Lewis shot her in the face, and after she fell, he shot her again. Wilsher lost her right eye as a result of the shooting. In

---

* Retired Senior Judge assigned to the Superior Court.

corroboration of this testimony, the Commonwealth presented evidence that Lewis's fingerprints were found on a Coke can recovered from the scene.

Furthermore, the Commonwealth, through the testimony of Detective Scott Evans, introduced a recorded statement made by Lewis to police, in which he admitted that on February 26, 2010, he had engaged in a struggle with Brett Quinn over a gun that discharged in the living room; he took the gun and fired at Quinn multiple times, chased him and took his chain and watch; returned to the house where he took $400 to $500 dollars from Wilsher's purse, as well as her cellular phone; and then disposed of the gun.

*Commonwealth v. Lewis*, 358 WDA 2012, at 6-7 (Pa.Super. 2013) (unpublished memorandum, citations omitted, brackets in original).

Following a jury trial, Appellant was convicted of one count of carrying a firearm without a license, and two counts each of the following crimes: criminal attempt – murder, aggravated assault, and robbery. The trial court imposed an aggregate sentence of thirty-three and one-half to sixty-seven years incarceration, and we affirmed his judgment of sentence. *Id*. Our Supreme Court denied further review. *Commonwealth v. Lewis*, 74 A.3d 1030 (Pa. 2013).

Appellant filed a timely PCRA petition, which was denied. On appeal, we *sua sponte* vacated and remanded for resentencing consistent with *Alleyne*, *supra*, due to the fact that Appellant's sentence included the imposition of a mandatory minimum sentence. Upon remand, the trial court imposed the same aggregate sentence, albeit structured in a different manner. Appellant filed a post-sentence motion, which was denied. This

timely appeal ensued, and Appellant complied with the order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court authored its responsive opinion and the matter is now ready for this Court's consideration.  Appellant raises the following questions for our review:

> I.  Is the imposition of the aggregate sentence of 33½ to 67 years of incarceration manifestly excessive, unreasonable, and an abuse of the sentencing court's discretion?
>
> > a.  Specifically, does the aggregate sentence result in a manifestly excessive sentence that is wholly unreasonable and not in conformity to the goal of individualized sentencing, or to the Sentencing Code (42 Pa.C.S. § 971(b)), instead evincing an undue emphasis on retribution, not rehabilitation, and resulting in a *de facto* life sentence?
> >
> > b.  Also, was the aggregate sentence imposed an abuse of discretion in that the trial court refused to consider that Mr. Lewis's crimes were committed when he was a juvenile of 17 years, which requires that a distinct set of sentencing considerations be applied because of the diminished culpability of juveniles due to the biological immaturity of their brains as well as the greater capacity for rehabilitation of a juvenile?

Appellant's brief at 6.

Appellant's overarching claim challenges the length of the sentence imposed and therefore pertains to the discretionary aspects of his sentence. We apply the following standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

- 3 -

*Commonwealth v. Shull*, 148 A.3d 820, 831 (Pa.Super. 2016) (citing

*Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super 2014)). The

right to appeal the discretionary aspects of a sentence is not absolute. To

determine if Appellant has invoked our jurisdiction, we examine the following

four criteria:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa.Super. 2016) (citing

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa.Super. 2014)).

Appellant filed a timely notice of appeal, preserved his issue in a post-

sentencing motion, and his brief complies with Pa.R.A.P. 2119(f). The

remaining consideration is whether Appellant has presented a substantial

question.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa.Super. 2013) (citing

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa.Super. 2010) (internal

citations omitted)).

- 4 -

Appellant advances two separate substantial questions. First, he avers that the trial court imposed the sentence based solely on the seriousness of the crime and failed to consider other factors. Additionally, citing *Miller v. Alabama*, 567 U.S. 460 (2012), which barred mandatory life imprisonment without the possibility of parole for persons under the age of eighteen at the time of their crimes, Appellant maintains that juveniles are "constitutionally different from adults for the purpose of sentencing." Appellant's brief at 11. We find that Appellant has presented a substantial question only with respect to the first question.

We first dispose of Appellant's *Miller* claim. Appellant avers that *Miller* requires the sentencing court to treat Appellant differently. However, *Miller*'s holding is limited to the mandatory nature of life without parole sentences applied to juveniles. The flaw in those schemes is that they "prevent the sentencer from taking account of these central considerations . . . these laws prohibit a sentencing authority from assessing whether the law's harshest term of imprisonment proportionately punishes a juvenile offender." *Miller*, *supra* at 474. Appellant recognizes that *Miller* narrowly addressed only the constitutionality of imposing a mandatory life without parole sentence, but maintains that the "principles set forth . . . have implications any time that a juvenile is being sentenced." Appellant's brief at 33.

Appellant's argument is a policy argument dressed up as a legal one; Appellant does not explain exactly what these implications are or how the trial court erred as a result. Apparently, Appellant interprets **Miller** to require some type of undefined juvenile discount. However, Appellant concedes that the trial court utilized the proper guidelines and could consider Appellant's age as a factor in fashioning an individualized sentence.

Additionally, this Court recently rejected a constitutional challenge to the sentencing guidelines as applied to juveniles, in which the appellant similarly contended that "the guidelines' primary focus on retribution does not adequately take into account the evolution of recent United States Supreme Court precedent recognizing the diminished culpability for juveniles." **Commonwealth v. Fortson**, 2017 PA Super 162 (Pa.Super. 2017) (published opinion, at 8). We disagreed, noting that the trial judge has broad discretion in sentencing matters and, therefore, is permitted to evaluate the individual circumstances before it, including the types of considerations discussed in **Miller**. We held that this was sufficient.

> The advisory nature of the guidelines ensures, as constitutionally required, that the diminished culpability of juvenile defendants is properly considered. In exercising its discretion, "[t]he sentencing court must impose a sentence that is appropriate in light of the individualized facts of the underlying incident." **Commonwealth v. Johnson**, 873 A.2d 704, 709 (Pa.Super. 2005). The court must consider aggravating and mitigating circumstances. "In particular, the court should refer to the defendant's prior criminal record, *his age*, personal characteristics and his potential for rehabilitation."

> ***Commonwealth v. Griffin***, 65 A.3d 932, 937 (Pa. Super. 2013)
> (quoting ***Griffin*** 804 A.2d at 10) (emphasis added)).

***Id***. at 12-13 (some citations omitted). Therefore, we find that Appellant has failed to raise a substantial question with respect to this claim, and any argument respecting Appellant's age must go to weighing of the various sentencing factors.

However, we find that Appellant has presented a substantial question with respect to his allegation that the imposition of consecutive sentences resulted in an excessive sentence, in that the trial court failed to consider the other required statutory considerations. Generally, a challenge to the trial court's imposition of concurrent or consecutive sentences does not raise a substantial question. ***Commonwealth v. Raven***, 98 A.3d 1244, 1253 (Pa.Super. 2014). When paired with another assertion, such as the claim advanced herein, we have found a substantial question. "[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." ***Id***. ***See also Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa.Super. 2013) (allegation that trial court focused solely on the nature of the offense presented a substantial question). We therefore examine the merits of his claim.

Our review of the discretionary aspects of sentencing is statutorily limited by 42 Pa.C.S. § 9781, to wit:

(c) *Determination on appeal.* — The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c). Section 9781(d) provides that in reviewing the record, we must take into account the following:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

The parties do not dispute the calculation of the applicable guidelines. Appellant's prior record score was five, and the offense gravity score for the attempted homicide charges was fourteen. Thus, the standard range at those counts called for a minimum sentence between 210 and 240 months, with the latter number representing the applicable statutory maximum. The mitigated range called for a sentence of 198 months. Appellant received consecutive sentences of 180 to 360 months at each of these charges, which

is below the mitigated range. Additionally, Appellant received a consecutive statutory maximum sentence of forty-two to eighty-four months incarceration at the firearms charge, which was within the standard range. Therefore, Appellant must show that application of the guidelines would be clearly unreasonable.[1]

In **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007), our Supreme Court noted that reasonableness is not defined in the statute and "commonly connotes a decision that is 'irrational' or 'not guided by sound judgment.'" **Id**. at 963. **Walls** identified the two situations in which we can deem a sentence unreasonable. The first is if the sentencing court did not weigh the "general standards applicable to sentencing found in Section 9721[.]" **Id**. at 964; **see** 42 Pa.C.S. § 9721(b) (In determining whether to impose a sentence of imprisonment, "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."). The other situation is where the

---

[1] Technically, Appellant's aggregate sentence was outside of the guideline ranges, since his sentence fell below the total mitigated range at the three charges. However, the downward departure was obviously to Appellant's benefit and we therefore apply the 42 Pa.C.S. § 9781(c)(2) standard which applies to challenges to sentences within the sentencing guidelines.

sentence is deemed unreasonable after review of the four elements provided by 42 Pa.C.S. § 9781(d).

Presently, Appellant complains that the sentencing court failed to impose an individualized sentence as required under § 9721(b), in that the judge's stated reasons discussed only the heinous nature of the crime, Appellant's inability to apologize, and Ms. Wilsher's injuries. According to Appellant, the record demonstrates that the court focused solely on retribution and punishment.

While we agree that the sentencing transcript indicates that the court largely directed its remarks at those points, we disagree that the trial court failed to balance those considerations against the other § 9721(b) factors. Significantly, Appellant submitted a sentencing memorandum, in which Appellant's position was fully outlined. It is presumed that jurists do not willfully ignore pertinent information. "Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

In support of reversal, Appellant cites *Commonwealth v. Coulverson*, 34 A.3d 135 (Pa.Super. 2011), in which we vacated a sentence as clearly unreasonable despite the fact that the court had access to and

referenced a pre-sentence investigation report, and where the sentence was technically within the standard range. He argues that this case is like **Coulverson** in two ways: (1) the maximum sentence approaches a life sentence and (2) the trial court had "[a]n intense focus on the crime's impact on the victim to the exclusion of all other factors." Appellant's brief at 29-30.

We find that Appellant's reliance upon **Coulverson** is misplaced. Therein, the trial court's maximum sentence was the maximum allowed by law. Our review of the trial court's stated reasons for the sentence "reveal[ed] scant consideration of anything other than victim impact and the court's impulse for retribution on the victims' behalf." **Id**. at 148. We observed that "the term of the maximum sentence . . . also bear[s] on the extent to which sentencing norms are observed and an appropriate sentence imposed." **Id**. Thus, the trial court's sentencing comments, when paired with the maximum sentence, demonstrated that the sentence was not individualized, and, as a result, clearly unreasonable.

Appellant maintains that his sentence was similarly flawed, as he will likely spend the remainder of his life in prison if he serves the maximum sentence. We find that **Coulverson** is readily distinguishable on this score. We emphasized that the appellant therein "did not mount a challenge to the minimum aggregate sentence." **Id**. at 144. Hence, the challenge was to the maximum period of incarceration, which was the statutory maximum. Here,

the trial court imposed a maximum sentence that was twice the length of the minimum, which was the lowest period permitted by statute. 42 Pa.C.S. § 9756(b)(1) (minimum sentence of confinement shall not exceed one-half of the maximum). Therefore, unlike the appellant in *Coulverson*, Appellant is in fact attempting to mount a challenge to the minimum sentence.[2]

Additionally, we do not find that the trial judge's comments regarding the gravity of the crime and Appellant's inability to apologize to the court's satisfaction demonstrate an excessive focus on punitive measures. When imposing the original sentence, Appellant's counsel referenced mitigating circumstances and the trial judge asked for any corrections or additions to the pre-sentence report. N.T. Sentencing I, 9/8/11, at 2. Thus, the original sentence already reflected a weighing of those factors. In context, the trial court's remarks at resentencing were effectively an invitation for Appellant to demonstrate why the trial court should revisit its original sentence, which was vacated on technical grounds. In other words, the trial court sought an explanation for why it should deviate from its original sentence. *See Moury*, *supra* at 173 (trial court did not improperly rely upon appellant's decision to stand trial when imposing sentence, in context "the court sought

---

[2] We emphasize that the sentencing court imposed a sentence below the mitigated range on each attempted murder charge. Were the court motivated by purely punitive desires, it was within its discretion to impose a harsher sentence.

- 12 -

to understand why it should accept [a]ppellant's apology and acceptance of responsibility as a reason to deviate from the court's regular sentencing procedures.").

The trial court framed its discussion of repentance in terms of assessing Appellant's rehabilitative prospects as follows:

> They ought to start rehabilitation the day they get [to prison]. They assess people sort of the way I am, where is this person on a continuum of narcissism? Where is this person on a continuum of repentance? . . . Does he understand what he did to get [himself] exiled from society? Does he understand this woman's pain? Does he understand the disabilities, the limitations on what it does to her career, what it does to her life?

N.T. Sentencing II, 7/26/16, at 10-11. In contrast to **Coulverson**, the sentencing court in the instant case provided Appellant the opportunity to address those issues and gave him a chance to convince the court that a lower sentence was warranted. **Id**. at 13-14. The sentencing judge "is not required to parrot the words of the Sentencing Code . . . the record as a whole must reflect due consideration by the court of the statutory considerations." **Commonwealth v. Feucht**, 955 A.2d 377, 383 (Pa.Super. 2008) (citations omitted). We are satisfied that the record as a whole reflects due consideration of the § 9721(b) factors and we decline to deem the sentence unreasonable on that basis.

Nor do we find that this sentence is clearly unreasonable pursuant to § 9721(b). First, a sentence that is within the standard range of the guidelines, let alone below the mitigated range, is generally viewed as

appropriate under the Sentencing Code. ***Moury***, ***supra*** at 171. Appellant's only real complaint regarding the length of his sentence is the aforementioned ***Miller*** argument, which we have rejected, in conjunction with an argument that "[a] sentence for third-degree homicide could be shorter than the sentence [Appellant] received." Appellant's brief at 29. This point diminishes the nature of Appellant's crimes. Third-degree homicide, unlike attempted murder, is not a specific-intent crime. Appellant was found to have intended to kill both victims. He twice shot a woman who had invited him into her home, for apparently no reason whatsoever. He chased his friend, who had accompanied him to the victim's home, and tried to kill him as well. These brutal acts justified a lengthy sentence, and Appellant, who managed to amass a prior record score of five by age seventeen, failed to convince the court that a lesser sentence was warranted. After review of the four 42 Pa.C.S. § 9781(d) factors, we uphold that sentence, and we, therefore, find no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/10/2017